ROBINSON TEMPLETON v. THE TOWN OF MONTPELIER.

*Highway. Injury. Contributory Negligence.*

Knowledge of existing danger is not *per se* negligence; but it is a *fact* to be weighed by the triers as bearing upon the question of negligence; thus, in an action to recover for injuries received on the highway, it appeared that, from a certain point there were two highways of about equal length leading to the place where the plaintiff wished to go; that one was very near the railroad, and the other more remote; that the plaintiff, being acquainted with both roads, and knowing that he was liable to meet a train of cars about that time, took the one nearest to the railroad, but he did not know of its insufficiency; that his horse became

frightened at an approaching train, and that he was injured by reason of want of repair of the highway. *Held*, that the plaintiff had a right to presume that the highway was sufficient; and that his knowledge did not reach the proximate cause of the injury, and so did not contribute to it.

Action to recover for injuries received on the highway. Heard on the report of a referee, December Term, 1881, Orange County, Powers, J., presiding. Judgment *pro forma* for the defendant. The case is stated in the opinion.

*S. B. Hebard*, for the plaintiff.

Negligence cannot be predicated upon the fact that the plaintiff took the old road. Whar. Neg. ss. 66. 335, 403, 997; *State* v. *Fryburgh*, 15 Me. 405. If it was negligence, still if the defendant by the exercise of ordinary care and prudence could have avoided the injury, the plaintiff may recover. *Radley* v. *London, N. W. R. R. Co.*, 1 L. R. App. 754; *Davis* v. *Mann*, 10 M. & W. 548; *Clayards* v. *Dethick*, 64 E. C. L. 473; *Tuff* v. *Warman*, 5 Exch. 573; *Allston* v. *Herring*, 11 Exch. 821; *Mayor of Colchester* v. *Brook*, 7 Q. B. (N. S.) 377; *Blanchard* v. *N. J. Steamboat Co.*, 59 N. Y. 292; *Wilder* v. *Me. Cen. R. R. Co.*, 65 Me. 332; *Steele* v. *Burkhardt*, 104 Mass. 548. The negligence, if any, was remote; but it must be proximate to the injury to be a defence. Whar. Neg. s. 73; Cooley Torts, s. 997; *Trow* v. *Vt. Cen. R. R. Co.*, 24 Vt. 487; Thomp. Neg. s. 490; *Robinson* v. *Cave*, 22 Vt. 213; *Munly* v. *R. R. Co.*, 74 N. C. 655; *Kerwhacker* v. *R. R. Co.*, 3 Ohio St. 172.

*S. C. Shurtleff*, and *Geo. W. Wing*, for the defendant.

(1) The damage must have been caused by the insufficiency of the highway alone; and, (2), the plaintiff must be free from any fault that contributed to the injury. *Barber* v. *Essex*, 27 Vt. 69; *Powers* v. *Woodstock*, 38 Vt. 44; *Bovee* v. *Danville*, 53 Vt. 183.

The actual cause, as in this case, is nearly always made up of

distinct and independent facts, coming from entirely different sources. Take this case : The report shows the injury was caused by at least three different, independent circumstances, facts or things; namely, (1) The fright of the horse by the cars; (2) the absence of a railing; and (3) the plaintiff's being there with knowledge of the danger. The proximate cause was the fright of the horse at the cars.

The court, under the facts reported, must hold that if either party is in fault, both are, and there can be no recovery. We insist that the negligence of the plaintiff was fully equal to that of the defendant; that if the negligence of the one is to be called the proximate or remote cause of the accident, that of the other must be equally so. Each ought to have foreseen and provided against the accident ; neither did.

Under these circumstances there can be no recovery.          .

*Trow* v. *Vt. Cen. R. R. Co.*, 24 Vt. 487 ; *Davis* v. *Mann.* 10 M. & W. 548 ; *Greenland* v. *Chapin*, 5 Exch. 243 ; *Goldstein* v. *R. R. Co.* 46 Wis. 404 ; *McDonald* v. *Snelling*, 14 Allen, 290 ; *Ins. Co.* v. *Tweed*, 7 Wall. 44 ; *R. R. Co.* v. *Kellogg*, 94 U. S. 469 ; *Scheffer* v. *R. R. Co* , 105 U. S. 249 ; *See* 30 Mich. 200 ; 35 N. J. L. 17 ; 74 Penn. St. 320 ; 11 East, 44.


The opinion of the court was delivered by             .

POWERS, J.   The only question argued upon the report of the referee is whether the plaintiff's right to recover is barred by his contributory negligence.

It appears that from the bridge crossing the Winooski river about a mile east of Montpelier, there are two public highways open for travel ; one leading east on the north side of the river between the railroad on the north and the river on the south, and the other crossing over the bridge and leading east on the south side of the river and both coming together at a point further east, near the Coffee house. The plaintiff was familiar with both roads, and knew by taking the first he was liable to meet a passing train upon the railroad. He elected to take this one and met such train, by which his horse was frightened, and

there being no railing on the river side he was thrown from his wagon and injured.

Did his knowledge of the danger attending travel upon this road by reason of the propinquity of the railroad, constitute contributory negligence?

The referee says: "If there had been a railing between the edge of the bank and the travelled track, the plaintiff's wagon could not have got out of the road so far and in the way it did get out, and this accident would not have happened."

The town then was guilty of negligence in not providing a railing to protect travel upon the road; and in this case, obviously, such negligence was the proximate cause of the plaintiff's injury. Towns are bound to keep their highways sufficient, having regard to such accidents as are liable to occur in their proper use. In a place exposed like this, accidents of this kind are manifestly liable to occur.

The plaintiff had knowledge that his horse would be exposed to the danger of fright if he took the north road. He did not know however, that the road was insufficiently protected against the consequences of such fright. The north road was open and used by the public without warning, save such as travellers had who knew the special danger.

The road being open, the public was thereby invited to use it. The traveller in such case has the right to presume that the town has discharged its statutory duty to keep such road sufficient; and this presumption is commensurate with the duty imposed. If travel upon the road is exposed to exceptional danger, it is the duty of the town to forefend against such exceptional danger; and the traveller may presume such enlarged duty has been performed.

Having no knowledge of the absence of the railing, the plaintiff's knowledge does not reach the proximate cause of the injury, and so did not contribute to it.

The defendant is answerable in law only for negligence proximate in causal relation to the damage. The plaintiff is barre of remedy by negligence contributing to the damage. But

negligence contributory is, like that of the defendant, negligence proximate in causal relation to the damage. On both sides the negligence is the same in kind, though it differ in degree.

Knowledge of existing danger is not *per se* negligence. It is a *fact* to be weighed by the trier as bearing upon the question of negligence. *Clarke* v. *Holmes*, 7 H. & N., 937 ; *Senior* v. *Ward*, 1 E. & E., 385 ; *Nare* v. *Flack*, 90 Ind. 295.

Tried by these tests it is apparent that the plaintiff was not guilty of contributory negligence.

The *pro forma* judgment of the County Court is reversed and judgment rendered on the report for the plaintiff.