CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. HENRY HONE, ADMINISTRATOR, DEFENDANT IN ERROR.

1. Where a father sues as the administrator of his deceased son, who was killed by the neglect of the defendant, the fact that the death was in part occasioned by the contributory carelessness of the father cannot be set up in defence of the action.

2. The funeral expenses being part of the pecuniary damages resulting from the death of the son, and which had been paid by the father, can be recovered in the action by the father as the administrator under the statute.

On error to the Supreme Court.

The case was tried at the Hudson Circuit before Justice Lippincott and a jury, and a verdict rendered for the plaintiff below for the sum of $1,200.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff in error, *Depue & Parker* and *Warren Dixon.*

For the defendant in error, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a suit brought by Henry Hone as the administrator of the estate of his deceased son, who was a minor and was killed by the carelessness of the servants of the plaintiff in error, the Consolidated Traction Company, in the management of one of their cars.

The statute lying at the basis of the suit provides " that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action of damages notwithstanding the death of the person injured," &c. *Gen. Stat.,* p. 1188, § 10.

The following section directs " that the action shall be brought by and in the name of the personal representatives of the deceased person, and that the amount recovered shall be for the exclusive benefit of the widow and. next of kin of such deceased person ; and that in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person," &c. *Id.,* § 11.

From these extracts from the statute it will be at once perceived that in this suit founded upon it, as in all others of the same class, but two questions are raised, and but two can be raised upon the record, viz., first, could the deceased, if he had survived, have maintained an action ? and second, this being so, what pecuniary loss has fallen on his next of kin by reason of his death ?

These are the facts constituting the issue to be tried, and no subject for trial can be more clearly defined.

Notwithstanding this it is contended in this case by the counsel of this traction company that they have the right to defeat the action if they can show that the death in question was the result in part of the negligent conduct of the next of kin, although such negligent conduct is not to be imputed to the infant who is deceased. The plaintiff in the present case is not only the personal representative, but is likewise the next of kin, and it is insisted that as the damages that may be recovered will enure exclusively to his benefit, he should in justice not be allowed to recover them if he was in part the cause of their production.

But it is to be remembered that the legal doctrine that bars a party injured by the unintentional misconduct of another by reason of his having himself been, in a measure, the occasion of the resulting damage, is rather an artificial rule of the law than a principle of justice, for its effect generally is to cast the entire loss ensuing from the joint fault upon one of the culpable parties, and oftentimes upon him who is but little to blame. Such a legal regulation has no claim to extension, and to apply it as is now insisted on would be to use it in a novel way. The question whether the deceased was negligent is within the issue formed by the pleading; while the question whether a third person who in his individual capacity has no connection with the suit was negligent has nothing whatever to do with such issue. In the legal practice of this state it is the established course to exclude everything that is not embraced in the issue as the parties have framed it and as it appears upon the record. On the trial of this case the inquiry whether the father of the deceased minor had, by his want of care, been instrumental in the production of the accident, was a matter utterly irrelevant to the subject then submitted to judicial inquiry.

The statute of Iowa, relating to this subject, and our own are similar, and in Wymor's case (78 *Iowa* 396) the court of that state expressed very distinctly what is deemed the correct view of this topic, in these words: "If," says the opinion, "his parents, by their negligence, contributed to his death, that does not seem to be a sufficient reason for denying

his estate relief. Such negligence would prevent a recovery by the parents in their own right. * * * It is claimed that, * * * since they inherited his estate, the rule would bar a negligent parent from recovering in such case in his own right ought to apply. But the plaintiff seeks to recover in right of the child and not of the parents. It may be that a recovery in this case will result in conferring an undeserved benefit upon the father, but that is a matter which we cannot investigate. If the facts are such that the child could have recovered had his injuries not been fatal, his administrator can recover the full amount of damages which the estate of the child sustained."

The subject will be found illustrated by a reference to many cases in 4 *Am. & Eng. Encycl. L.* 88.

My conclusion is that there is no fault to be found with the trial of this case in reference to this point.

Another objection is that proof was admitted to show that the father had paid the funeral expenses of his deceased son, and the amount of such payments. But as the father, who is next of kin, was legally responsible for such expenses, the payments in question constituted part of the pecuniary loss specified in the statute, and were consequently assessable as part of the damages to be awarded.

The conduct of the trial was also in this respect unobjectionable.

Let the judgment be affirmed.