LOUIS PLOOF, admr. *vs.* THE BURLINGTON TRACTION CO.

May Term, 1898.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*V. S. 2451, 2452—Damages to Next of Kin—Proximate and Remote Cause —Imputable Negligence.*

In an action by an administrator, under V. S. 2452, to recover the pecuniary damages to the father and mother, as next of kin, of a boy of ten years, run over and killed through the negligence of the defendant, a street railway company, the court charged that if the parents were negligent in permitting the boy to go upon the street where the accident occurred, the plaintiff could not recover. *Held,*

(1) That if the action were in the right and interest of the decedent, the negligence of the parents could not be imputed to the child, and would not bar a recovery, but

(2)   That this action is not in the right or interest of the decedent, but in that of the next of kin, as given by the statute, to recover "such damages as are just," and that it would be unjust for them to recover damages of their own causing; so that their proximate negligence, contributing to the injury, would be a bar; but

(3)   That even if the parents could be said to be negligent in permitting the boy to go upon the street, which under the circumstances appears doubtful, that negligence was the remote, not the proximate, cause of the injury, and, therefore, could not be a bar.

*Robinson* v. *Cone*, 22 Vt. 213, and *Lindsay* v. *R. Co.*, 68 Vt. 556, approved.

CASE.  Plea, general issue.  Trial by jury, September Term, 1897, Chittenden County, *Taft*, J., presiding.  Verdict and judgment for the defendant.  The plaintiff excepted.

*Seneca Haselton, E. R. Hard* and *George W. Deberville,* for the plaintiff.

The negligence of the parents, if any, was not imputable to the child.  *Robinson* v. *Cone,* 22 Vt. 213; *Holly* v. *Boston Cas Light Co.,* 8 Gray 123; *Daley* v. *R. R. Co.,* 26 Conn. 591: 68 Am. Dec. 413; *Whirley* v. *Whiteman,* 1 Head 610: Shearman & Redfield, Negl. § § 77, 78; 2 Thomp. Trials, § 1687; 2 Thomp. Negl. 1186 note; Wood. Ry. Law, § 322; Bishop Non-Contract Law, 582; Beach, Contr. Negl. § § 127–130; Harris, Dam. by Corp. § 463; Wharton, Negl. § § 313, 310; 4 Am. Law Rev. 405; 3 Elliott on Railroads 1881; *R. R. Co.* v. *Snyder,* 18 Ohio St. 400: *R. Co.* v. *Manson,* 30 Ohio St. 451; *Ry. Co.* v. *Schuster,* 113 Pa. 412: 57 Am. Rep. 471; *Huff* v. *Ames,* 16 Neb. 139: 49 Am. Rep. 716; *Ry. Co.* v. *Gravitt,* 93 Ga. 369: 44 Am. St. 145; *Bottoms* v. *R. Co.,* 114 N. C. 699: 41 Am. St. 799; *R. Co.* v. *Hanlon,* 53 Ala. 70; *Ry. Co.* v. *Moore,* 59 Tex. 64: 46 Am. Rep. 265; *Westbrook* v. *R. Co.,* 66 Miss. 560: 14 Am. St. 587; *Winters* v. *Cable Co.,* 99 Mo. 509: 17 Am. St. 591; *Ry. Co.* v. *Wilcox,* 138 Ill. 370; *Battishill* v. *Humphrey,* 57 Am. Rep. 474 note; *Shippy* v. *Ausable,* 85 Mich. 280; *Ry. Co.* v. *Shockman,* 52 Pac. Rep. 446; *Newman* v. *R. Co.,* 52 N. J. L 446; *Traction Co.* v. *Hone,* 35 At. 899; *Wymore* v. *Mohaska Co.,* 78 Iowa

396: 16 Am. St. 449; *R. Co.* v. *Ormsby*, 27 Gratt. 455; *R. Co.* v. *Groseclose*, 88 Va. 267: 29 Am. St. 718; *Westerfield* v. *Levis*, 43 La. Ar. 63; *Roth* v. *Union Depot Co.*, 13 Wash. 525; *Moore* v. *R. Co.*, 2 Mackey, 437; *Berry* v. *R. Co.*, 70 Fed. Rep. 679.

The opposite rule has been modified even in those states which profess to follow it. *Ry. Co.* v. *Sears*, 11 Ind. App. 654; *R. Co.* v. *McDonnell*, 43 Md. 534; *Meeks* v. *R. Co.*, 56 Cal. 513; *Ihl* v. *Ry. Co.*, 47 N. Y. 317; *McGarry* v. *Loomis*, 63 N. Y. 104; *Collins* v. *R. Co.*, 142 Mass. 301; *Munn* v. *Reed*, 4 Allen 431; *Lynch* v. *Smith*, 104 Mass. 52; *O'Brien* v. *McGlinchy*, 68 Me. 552.

This right is given absolutely by the statute and contributory negligence in the next of kin cannot constitute a bar. V. S. 2451, 2452; *Wymore* v. *Mahaska Co.*, 78 Iowa 396: 16 Am. St. 449; *Consolidated Traction Co.* v. *Hone*, 35 At. 899; *R. Co.* v. *Groseclose*, 88 Va. 267: 29 Am. St. 718; *Westerfield* v. *Levis*, 43 La. Ar. 63; *R. Co.* v. *Crawford*, 24 Ohio St. 631; *Ry. Co.* v. *Gravitt*, 93 Ga. 369: 44 Am. St. 145.

The parents were not guilty of negligence, and if they were, it was only the remote cause of the injury. Cases cited in the opinion and *Bisaillon* v. *Blood*, 64 N. H. 565; *Barry* v. *R. Co.*, 70 Fed. Rep. 679; *Kyne* v. *R. Co.*, 8 Houston, 185; *Waite* v. *Ry.*, El. B. & E. 719; *Meeks* v. *R. Co.*, 56 Cal. 513; 38 Am. Rep. 67; Wharton, Negl. § 310; 4 Am. Law Rev. 414.

*A. G. Whittemore* and *R. E. Brown*, for the defendant.

When an action for the negligent injury of an infant is brought by the parent, or for the parent's own benefit, the contributory negligence of the parent is a bar. Beach. Negl. § 44; *Grant* v. *Fitchburg*, 160 Mass. 16; *Casey* v. *Smith*, 152 Mass. 294; *Glassey* v. *R. Co.*, 57 Pa. St. 172; *R. Co.* v. *Pearson*, 72 Pa. St. 169; *Smith* v. *R. Co.*, 92 Pa. St. 450; *R. Co.*, v. *Long*, 75 Pa. St. 257; *Albertson* v. *R. Co.*, 48 Iowa, 292; *Wymore* v. *The County*, 78 Iowa, 396; *R. Co.* v. *Snyder*, 18

Ohio St. 399; *R. Co.* v. *Snyder,* 24 Ohio St. 670; *Reed* v. *St. R. Co.,* 34 Minn. 557; *O'Flaherty* v. *R. Co.,* 45 Missouri 70; *Schierhold* v. *R. Co.,* 40 Cal. 447; *Westbrook* v. *R. Co.,* 66 Miss. 560; *Hoppe* v. *R. Co.,* 61 Wis. 357; *Dahl* v. *R. Co.,* 62 Wis. 652; *Ewen* v. *R. Co.,* 38 Wis. 613; *Chicago* v. *Starr,* 42 Ill. 174; *Telegraph Co.* v. *Hoffman,* 80 Tex. 420; *R. Co.* v. *Groseclose,* 88 Va. 267; *Birkett* v. *Ice Co.,* 110 N. Y. 504; *Ihl* v. *R. Co.,* 47 N. Y. 317; *Roller* v. *R. Co.,* 66 Cal. 230.

Ross, C. J.   This is an action to recover, "such damages as are just with reference to the pecuniary injuries resulting from the death of Frank Ploof, a boy ten years of age, to Louis Ploof, his father, the plaintiff administrator, and to his wife, the mother of Frank Ploof, the father and mother being the next of kin of Frank Ploof. The trial resulted in a verdict and judgment for the defendant.   The defendant, on September 4, 1896, owned and operated an electric railway in the city of Burlington.   On that day one of its cars ran over the intestate, Frank Ploof, and inflicted upon him such injuries that he died in a few hours.   At that time the intestate was a boy ten years of age, healthy and of ordinary ability.   He attended the public schools, could read and write, and for about a year had sold evening papers on the street.   He had gone about the city and on the streets on which the electric cars ran, for the purpose of attending school and for the purpose of selling papers.   On the day when he was injured, he had, with the consent of his parents, attended the annual fair at Howard Park, about half a mile distant from the place of the accident, and was returning for the purpose of procuring and selling the evening papers.   His parents were not present at the place of the accident when it occurred, and resided some distance from it.   The defendant claimed that the parents of the deceased were negligent in permitting him to go into the streets where the cars were, and, at the defendant's request, against the exception of the plaintiff, the court charged:

"The defendant claims that the negligence of the parents contributed to the accident; that they did not exercise ordinary care, the care of prudent persons in permitting the boy to go into the streets where the car ran. The parents were bound in this respect to exercise ordinary care, the care of prudent persons, and if they were negligent in permitting the boy to go to the fair and return home over Pine street, where the accident took place, the plaintiff cannot recover."

The plaintiff took several other exceptions to the charge but now insists upon this one alone. He insists that this exception should be sustained, first, because he contends that the recovery is in the right of the intestate, and that under the decisions of this court the negligence of the parents contributing to the accident which injures their minor child cannot be imputed to the minor child in an action brought by the child against a third person to recover personal damages sustained through the concurring negligence of such third person. Assuming, but not conceding, that this is such an action, or one in which the administrator is seeking to recover damages sustained by the intestate, and for the benefit of the estate of the intestate, his contention is supported by *Robinson* v. *Cone*, 22 Vt. 213: 54 Am. Dec. 67 and note. That case has become a leading case against the doctrine of imputed negligence, and its doctrine is quite generally followed by courts of last resort, and endorsed by eminent legal writers. The doctrine of imputed negligence was announced in the earlier decision of *Hartfield* v. *Roper*, 21 Wendell 614, which has been followed to some extent by courts of last resort. Some such courts, which early adopted the doctrine on the strength of *Hartfield* v. *Roper*, have receded, and now hold the doctrine of *Robinson* v. *Cone*. Much has been written for and against the doctrine of imputed negligence. It is very fully and carefully collated, and clearly set forth in the brief for the defendant. We shall take no time in reviewing the decisions on the subject. In a suit in which a minor or

his administrator seeks to recover damages in the right of the minor, or in the right of his estate, for injuries inflicted upon such minor by the negligence of a party, it is difficult to find any satisfactory legal ground upon which such party can, in a court of justice, be heard to say: "True, I negligently inflicted a serious injury upon the child, but no legal obligation rests upon me to compensate the child for injuries inflicted by my negligence, because the parents of the child were negligent in the same transaction, and their negligence contributed to the happening of the accident occasioning such damages." Parents are the natural protectors and guardians of their minor children, but not their agents to waive torts committed upon them. The usual doctrine is that every joint tort-feasor is liable for all the damages committed, and there is no contribution between joint tort-feasors. Such excuse overturns this wholesome and just doctrine when the negligence of the parent is involved in the wrong-doing. It would be much easier to find good reasons for holding that such an injured child might recover jointly against his parent and the third person. This court is content to abide by the decision of *Robinson* v. *Cone* on the doctrine of imputed negligence.

Secondly, the plaintiff contends that when the recovery as in this case, is for the benefit of the parents, the contributory negligence of such parents, is no defence. Put briefly, this contention is that a parent may recover damages sustained in part by his own wrong, or damages produced by an accident to which his own negligence contributed. This contention is against the recent decision of this court in *Lindsay, admr.* v. *Railroad Co.*, 68 Vt. 556, and against the general doctrine that a party whose negligence has contributed to the happening of the accident causing him damages cannot recover, because he cannot recover for so much of such damages as he, himself caused, and because the law will not, if it were possible fairly and justly so to do, trouble itself to inquire into and divide such damages

between the wrong-doers contributing thereto. Again it is practically impossible to ascertain and divide such damages justly between the parties whose negligences have contributed to the accident causing them. In *Lindsay Admr.* v. *Railroad Co.*, there is no discussion of this doctrine. But the case in facts and in principle is like the present case, and the point was taken and fully discussed, supported by a large citation of authorities, at the hearing, and fully considered by the court. The plaintiff does not contend against the soundness of the general doctrine, that a plaintiff whose negligence contributes to the happening of an accident causing him damages cannot recover; but contends that this case does not fall within that class of cases,—that it is governed and controlled by the statute conferring it. Nor does he contend that the recovery, if had, would not be wholly for the benefit of the parents of the intestate. He insists that the statute either gives the damages in right of the intestate, or, if in the right of the parents, it gives an absolute right of recovery, regardless of the contributory negligence of such parents or next of kin. The statutes relied upon are V. S. 2451 and 2452. They read: "When the death of a person is caused by the wrongful act, neglect, or default of a person, or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person or corporation liable to such action, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death is caused under such circumstances as amount in law to a felony." "Such action shall be brought in the name of the personal representative of such deceased person, and commenced within two years from his decease, and the court and jury, before whom the issue is tried, may give such damages as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin, and the amount recovered shall be for the

benefit of such wife and next of kin, who shall receive the same proportions as in the distribution of the personal estate of persons dying intestate." It is manifest that the recovery under these statutes, though in the name of the personal representative of the deceased, is not, in general acceptation, for the benefit of the estate of the deceased, but is for the benefit of those who may take by the terms of the statute, and the damages are measured "with reference to the pecuniary injuries resulting from such death to the wife and next of kin." Hence such personal representative is not the agent of the estate of the deceased, and does not recover in the right of the deceased, but is the agent of the wife and next of kin, and recovers, although the recovery grows out of an injury to the deceased, not for the injury to the deceased, nor to his estate, but for a pecuniary injury to the wife and next of kin, involved in and flowing from the injury to the deceased. This court had these statutes under consideration in *Legg, Admr.* v. *Britton*, 64 Vt. 652. It is there said: "The recovery is for the benefit of his widow and next of kin. The damages are assessed, not with reference to the loss sustained by the intestate, but with reference to the pecuniary injury resulting to them from his death. It is contended that the statute gives a new right of action. Strictly it is a new right of recovery arising from an injury to the intestate, which gave or would have given him a right of action and of recovery, if death had not ensued. The amount to be recovered is determined by the injury sustained by the widow and next of kin * * * The right of recovery and measure of damages are different from what existed in the intestate. This right of recovery did not exist at common law. It is wholly given by the act. It is not an act to cause to survive a right of recovery which otherwise would be taken away by the death of the injured. The damages are based mostly upon the wrongful destruction of the earning capacity of the intestate." Hence the contention that the recovery is in the right of the intestate, and can be

defeated only by his contributory negligence, cannot be sustained.

Nor does the statute give the representative of the wife and next of kin an absolute right of recovery.   Their right to damages determines their right to recover.   The language of the statute is, "The court and jury *may give such damages as are just* with references," etc.   From a very early day the common law has denied a recovery, as unjust, to a party whose negligence has contributed to the accident causing the injury for which he demands damages.   All statutes conferring a right of recovery of damages, especially when in terms, they give such damages only as are *just*, must be read and considered with reference to this universal principle of the common law.   So read, this statute does not give an absolute right to recover, in case a right of action would have survived to the intestate, if death had not ensued.   The plaintiff has brought to our attention some cases where the courts have apparently supported his contention. *Wymore* v. *Mahaska County*, 78 Iowa 396: 16 Am. St. R. 449, cited by the plaintiff is against his contention.   The statute of Iowa gave a right of recovery to the estate of the minor intestate, and one to the next of kin.   The action was to recover for the estate.   The court held that the contributory negligence of the parents could not be imputed to their minor child, to defeat a recovery for his estate, but say, "Such negligence would prevent a recovery by the parents in their own right."   *Consolidated Traction Co.* v. *Hone*, from New Jersey, 35 At. 899, seems to support the contention of the plaintiff.   The statute of New Jersey is worded somewhat differently from our statute.   The opinion cites—evidently without careful consideration—the Iowa case as supporting the decision.   Whether the other cases cited by the plaintiff support his contention we have not been able to determine. The statutes in some of the states from which cases are cited are very different from the one under consideration, and may properly receive different consideration.   Some give a definite

sum in damages without reference to the pecuniary injury to the party for whose benefit recovery is had. On further consideration we hold to the conclusion reached in *Lindsay* v. *Railroad Co.*, *supra*, that when the recovery is for "such damages as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin," the negligence of such wife and next of kin, entering into and contributing to the accident causing such death, will defeat their right to recover. *Atlanta, etc. Ry. Co.* v. *Gravitt*, 44 Am. St. 145 and note.

Thirdly, the plaintiff contends that there was error in the charge wherein, in substance, the court told the jury, that if the parents were negligent in permitting the boy to go into the street where the car ran, the plaintiff could not recover. He contends with much force, and, so far as disclosed by the exceptions, we think with reason, that there was no evidence of negligence on the part of these parents to be submitted to the jury; that the boy was of such an age, and of such physical and mental characteristics that it was not negligence to permit him to go upon the streets where the cars ran; that the law required them to send him to school over such streets; that they had the right to send him on errands or for pleasure and amusement, unattended upon such streets, where the law compelled them to send him to attend school. The plaintiff did not raise this question by a proper motion or request. Hence we do not consider whether there was any evidence to go to the jury on the question of contributory negligence. By his exception to the charge he has raised the question whether evidence that the parents permitted the intestate to go upon the street, had a tendency to show such proximate negligence, contributing to the accident which caused his death as will defeat a recovery. The most this evidence tended to show was that the parents negligently permitted him to go unattended, upon the street where the car ran, or that their negligence was a factor in bringing him to the place of the accident, but

not a factor in the boy's attempting to cross the street in front of the moving car, and therefore not a factor entering into and contributing to the happening of the accident which caused his death. At most their negligence was a remote, and not a proximate, factor of the accident. Such remote negligence will not defeat a right of recovery otherwise proven. In *Robinson* v. *Cone, supra*, the boy injured was only four years old, and was coasting on a sled, on a street over which he was accustomed to pass in attending school. The trial court charged the jury, in reference to the negligence of the parents in allowing him to go unattended, upon the street as follows: "That if the boy were of so tender years, as to be absolutely incapable of observing and avoiding travellers, it might be gross negligence in parents to permit him to be on the street, and in such case the defendant would not be liable unless he were also guilty of gross negligence, but that if the plaintiff were an active boy, of sufficient age to attend school, and was attending school, and if children of his age and capacity would ordinarily be allowed and expected to attend school and be in the street, as he was, then there would be no gross negligence on the part of the parents, though the boy might not have the prudence and capacity of a man to avoid danger, and the defendant could derive no advantage from the principle of law before stated." The word gross, is used somewhat indefinitely, probably nearly in the sense of proximate. This instruction was not found erroneous in this court. This court had under consideration the question of *remote* and *proximate* negligence as affecting a plaintiff's right to maintain an action in *Trow* v. *Vt. Central R. R.*, 24 Vt. 487: 58 Am. Dec. 191 and note. The plaintiff had negligently permitted his horse to be upon the highway from which it went upon the defendant's railroad where it was injured. The defendant had negligently failed to fence its railroad. After discussing the question and decided cases the court say: "When there has been mutual

negligence and the negligence of each party was the proximate cause of the injury no action whatever can be sustained. In the use of the words-proximate cause is meant negligence occurring at the time the injury happened. In such case no action can be sustained by either, for the reason, 'that as there can be no apportionment of damages there can be no recovery.' So, where the negligence of the plaintiff is proximate, and that of the defendant is remote, or consisting in some other matter than what occurred at the time of the injury, in such case no action can be sustained, for the reason, the immediate cause was the act of the plaintiff himself. Under this rule falls that class of cases, where the injury arose from the want of ordinary or proper care on the part of the plaintiff, at the time of its commission. These principles are sustained by *Hill* v. *Warren*, 2 Stark. R. 377; 7 Met. 274; 12 Met. 415; 5 Hill, 282; 6 Hill, 592; *Williams* v. *Holland*, 6 C. & P. 23. On the other hand, when the negligence of the defendant is proximate, and that of the plaintiff remote the action can well be sustained, although the plaintiff is not entirely without fault." The doctrine of this case was followed in *Hyde* v. *Jamaica*, 27 Vt. 458; *Templeton* v. *Montpelier*, 56 Vt. 328; *Davis & Gay* v. *C. Vt. R. R. Co.*, 66 Vt. 290.

In *Templeton* v. *Montpelier*, there were two highways leading from Montpelier to the place where the plaintiff desired to go. The referee found that the plaintiff was negligent in taking the highway where the accident occurred, but was guilty of no other contributory negligence. This court held that his negligence was remote, and permitted him to recover. In *Davis & Gay* v. *C. Vt. R. R. Co.*, the defendant, it was found, owed a duty to the plaintiff to have moved the grain from the elevator before it was destroyed by fire without their negligence being involved in the fire. It was held that defendant's negligence was the remote cause of the loss of the plaintiff's grain, and did not entitle them to recover. The negligence in the case of Trow and in the two cases last

named, consisted in bringing the party or property destroyed to the place of the accident, as the parents' negligence in the case under consideration brought the intestate into the street where the cars ran, and it was held the negligence was remote, and when that of the plaintiff, did not defeat his right of recovery, and when that of the defendant did not authorize a recovery. *Hyde* v. *Jamaica* falls within same class as *Davis & Co.* v. *C. Vt. R. R. Co.* These decisions sustain this exception taken by the plaintiff.

It is observable that, in each of the cases, the failure to discharge a duty denominated remote negligence, was not an active factor of the accident, causing damages, but a factor in producing a *condition*, upon which the proximate or causal negligence of the other party operated.

*Judgment reversed and cause remanded.*