ESTHER MELLEN *vs.* OLD COLONY STREET RAILWAY
COMPANY.

Bristol. October 27, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Contributory, of parent, or of person in charge of child.

If a father allows his child three years and eight months of age to go into a yard
shut in by a gate which is kept closed by a strong spring, to play with her older
sister and a neighbor's daughter each about ten years of age, this is not as mat-
ter of law negligence on the part of the father, which will prevent the child
from recovering from a street railway company, in an action for injuries from
being run over by an electric car after the children had wandered from the
yard into the streets.

In an action by a child against a street railway company for injuries from being
run over by a car of the defendant, it appeared, that the plaintiff was three
years and eight months of age and that a neighbor's daughter ten years of age
asked the plaintiff's sister, a few months younger than that, to go to play, where-
upon the plaintiff's father said, "You take E. [the plaintiff] with you, . . . and
go right in the yard and play", the yard being shut in by a gate which was
kept closed by a strong spring. After going into the yard to play, the children
wandered off into the streets and the plaintiff was run over by a car of the de-
fendant, when crossing a street on her way home. The defendant contended
that there was no evidence of due care on the part of the plaintiff's sister who it
contended was in charge of the plaintiff at the time of the accident. *Held,* that
whether the plaintiff was under the charge of her older sister after they left the
yard was at least a question for the jury, depending upon the nature of the per-
mission given by the plaintiff's father.

TORT by an infant, by her father as her next friend, for per-
sonal injuries from being run over by a car of the defendant on
Bedford Street in Fall River. Writ dated December 19, 1901.

At the trial in the Superior Court before *Lawton,* J., the jury
returned a verdict for the plaintiff in the sum of $5,300; and
the defendant alleged exceptions.

The father of the plaintiff was a mill hand. At the time of the
accident he was living in a four tenement house on Pine Street
in Fall River, the yard of which is described by the court. The
accident happened on December 14, 1901, in the manner stated
in the opinion. The children having left the yard passed through
several streets, and, after looking at the Christmas windows of a
department store, were returning when the accident occurred.

*J. M. Swift*, for the defendant.

*J. W. Cummings & C. R. Cummings*, for the plaintiff.

LORING, J. This is a case in which the father of a family of six children allowed the plaintiff, a child of three years and eight months, to go into the yard to play with her older sister aged nine years and nine months, and with the daughter of a neighbor, aged ten. The father lived in a tenement to which was attached a large, roomy yard shut in by a gate which was kept closed by a strong spring. On the day in question he was at home, tapping the shoes of one of the children, and his wife was nursing the baby. After going into the yard to play, the children wandered off into the street and the plaintiff was run over by a car of the defendant while she was crossing Bedford Street on her way home.

The defendant asked the presiding judge to order a verdict for it " on the ground that there was not sufficient evidence to go to the jury of due care on the part of Katie Mellen, [the older sister] the person who the defendant claims had the plaintiff in charge at the time of the accident." This was refused. The case was submitted to the jury under suitable instructions, to which no exception was taken and which are not set forth in the bill of exceptions.

We are of opinion that it was at least a question for the jury whether, in the first place, the father exercised due care in letting the plaintiff play in the yard, and whether, in the second place, the plaintiff was under the charge of her older sister after they left the yard and went upon the street.

Of the first question there can be no doubt. In this case the yard was closed by a gate, and in that respect differs from *Cotter* v. *Lynn & Boston Railroad*, 180 Mass. 145, and comes within *Powers* v. *Quincy & Boston Street Railway*, 163 Mass. 5. In addition, the plaintiff was put under the charge of her older sister while playing in the yard, and so the case is within cases like *Mulligan* v. *Curtis*, 100 Mass. 512, and *Collins* v. *South Boston Railroad*, 142 Mass. 301.

The father testified that when the neighbor's daughter came in and asked the older sister to go and play, he said, " You take Essie [the plaintiff] with you, . . . and go right in the yard and play." When the three children left the yard, it was at least a

question for the jury whether the plaintiff continued to be under the charge of her older sister or was in the position of a child who has got out on the street without fault on the part of its parents and whose rights depend upon the exercise by it of that care which may reasonably be expected from children of its age, as in *Slattery* v. *O'Connell*, 153 Mass. 94; *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191; *O'Brien* v. *Hudner*, 182 Mass. 381.

Whether the plaintiff continued to be under the charge of her sister when the children left the yard depends upon this: Did the father put the plaintiff under the charge of the older sister for the afternoon, with an injunction to stay in the yard, or was she allowed to play in the yard under the charge of the older sister? It was at least a question for the jury which was the true nature of the permission that the father gave.

If the plaintiff's rights depended on the exercise by her of the care which may reasonably be expected from a child of her age, there was evidence for the jury that the plaintiff exercised due care.

For these reasons we are of opinion that the plaintiff had a right to go to the jury on this ground, and for that reason the ruling requested was rightly refused.

*Exceptions overruled.*