MERTON W. DAVIS, ADMR. *v.* HENRY RAYMOND.

January Term, 1929.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 8, 1929.

*Raymond Trainor* and *Alban J. Parker* for the plaintiff.

*M. G. Leary* and *Guy M. Page* for the defendant.

WATSON, C. J.   This is an action of tort brought against defendant under the statute, in the name of the personal representative of Merton John Davis, deceased, to recover just damages with reference to the pecuniary injuries resulting from the death of such deceased person, to his parents as next of kin. caused by the alleged negligence of the defendant on March 31, 1927; that the deceased was struck on the day named, by an automobile owned and being operated by defendant, and from the injuries thus suffered, death resulted to deceased on the day following.   The jury returned a verdict for defendant.   The case is here on exceptions by plaintiff.

The evidence, which is by reference made controlling, shows that the accident, resulting in decedent's death, occurred at about seven o'clock on the evening of the day first above named, near the junction of St. Paul and South Union Streets in the city of Burlington; that said junction was a point of heavy automobile traffic, and electric cars were passing there north and south every fifteen or twenty minutes; that the deceased

boy then lacked but thirteen days of eleven years of age, and was an average boy physically, mentally, and intelligently, for one of his years, attended the Cathedral School in the fifth grade; that the home of his parents, with whom he lived, was near said junction; that at the time of the accident he was riding on a tricycle which was being operated by him close by the curbing—within six inches—on the easterly side of the street, proceeding in a northerly direction, and the defendant was operating his automobile on the same street, proceeding northerly, approaching Burlington from Shelburne; that the defendant's car, after striking the boy, stopped at a point off and west of the west line of the street; that the boy was picked up in an unconscious condition approximately in front of the car where it stopped, and the tricycle was found near the car and not far from the boy.

The testimony of Merton W. Davis tended to show that for some days previous to the accident his boy had and was playing with a tricycle which belonged to a Merrill boy who lived considerable distance further south. This tricycle was worn and broken, one handle bar and one pedal were gone during all the time decedent had it. The witness testified that he knew one handle bar and one pedal of the tricycle were gone, but permitted his boy to use it on the street, telling him to be careful; that the witness knew the boy was going to return the tricycle to the Merrill boy that evening, and permitted him to go along without saying anything to him about it; that the witness did not know when the boy left the house after supper, nor did he see the boy from the time he left the house on the tricycle until after the accident; that the boy's mother knew the tricycle was worn and broken in the respects stated, and, as did the father, cautioned the boy about being on the street with it, had warned him of the danger of the street and road, the mother telling him to stay on the sidewalk off the road; that the boy knew that under the regulations of the city he could not ride the tricycle on the sidewalk; that when the boy took the tricycle to ride on the street after supper on the evening in question, his parents were both in the house reading and had no knowledge or information that he had gone upon the street with the tricycle until they were informed of the accident.

Whatever negligence there was, if any, on the part of the parents, in previously permitting the deceased to be in

the public street with the tricycle, consisted in bringing him to the place of the accident, but, as it had nothing proximately to do with the happenings of the accident itself, their negligence was remote and not admissible in evidence as showing a contributing cause. Plaintiff's No. 1 request to charge should have been granted, and to refuse it was error. *Ploof* v. *Burlington Traction Co.*, 70 Vt. 509, 41 Atl. 1017; 43 L. R. A. 108. It is said that this request is unsound in law for the reason that it does not in terms assume the burden of proof pertaining to the freedom, by the parents, of negligence by them contributing to the injury. The request, however, if complied with has that effect by directing as matter of law that "if there is any negligence of said parents it is entirely too remote to be a bar to this action." This, in other words, states in the most positive form that on the evidence no want of care on their part contributed to the injury of which complaint is made. *Bovee* v. *Danville*, 53 Vt. 183.

*Judgment reversed and cause remanded.*

CHASE, J., sat at the hearing of this case, but, having resigned from this Bench, took no part in the decision.