JOHN J. O'CONNOR, administrator, *vs.* BENSON COAL COMPANY.

Middlesex.    February 11, 1938. — September 13, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Liability of employer for negligence of employee toward employee's minor child, Causing death, Due care of person in charge of child, Imputed, Motor vehicle, In use of way.  *Actionable Tort. Parent and Child.  Practice, Civil,* Charge to jury; Exceptions: general exception.

An action can be maintained under G. L. (Ter. Ed.) c. 229, § 5, against the employer of the father of an unemancipated minor whose death was caused by negligence of the father acting in the scope of his employment if the child's mother, also next of kin, was not guilty of negligence contributing to cause the death.

The questions, *whether* there could be recovery in an action under G. L. (Ter. Ed.) c. 229, § 5, against the employer of one whose negligence in the scope of his employment had caused the death and who was the decedent's sole next of kin, and *whether,* where there were other next of kin who had not been guilty of negligence contributing to the death, the one guilty of such negligence should be permitted to share in what was recovered in such an action, were not decided.

On evidence of the circumstances in which a child three years and seven months of age, admitted to be incapable of exercising care for his own safety, had been absent from the side of his mother in the laundry yard in the rear of their home only two or three minutes, a finding was warranted that the mother was free from negligence in caring for him.

Evidence that a father left home for work in the morning and that his child always was in the mother's care, warranted a finding that,

when at noon his negligence caused the child's death near the home, the child was in the mother's care, so that the father's negligence could not be imputed to the child.

Evidence that the operator of a truck, driving it on a curved driveway into a narrow space near a house, saw a child running close alongside toward the narrow space and then took his attention from the child, whom he ran over shortly thereafter, warranted a finding that he was negligent.

A general exception to a portion of a charge to a jury which covered several propositions was of no avail in that it failed to point out which of the propositions were objectionable and wherein they were deemed erroneous.

An objection to a charge to a jury on the ground that it was inadequate in detail and insufficient to give the jury a clear perception of the alternatives presented to them must be made to the trial judge and cannot be made as of right for the first time in this court.,

TORT. Writ in the First District Court of Eastern Middlesex dated August 1, 1935.

On removal to the Superior Court, the action was tried before *J. W. Morton*, J., and there was a verdict for the plaintiff in the sum of $3,971.92. The defendant alleged exceptions.

*J. H. Gilbride*, (*C. R. Flood* with him,) for the defendant.
*P. P. O'Connor*, for the plaintiff.

QUA, J. This is an action under G. L. (Ter. Ed.) c. 229, § 5, to recover for the death by negligence of the plaintiff's intestate, Lorraine Hofman, a child three years and seven months of age living with her parents in Melrose.

The deceased met her death as the result of being run over by a truck driven by her own father, Frank Hofman, while acting within the scope of his employment by the defendant as a driver, in delivering at his own home some bags of coal which he had purchased from the defendant for his own use. It was agreed that the deceased was incapable of exercising any care for her safety. The exceptions are addressed to the denial by the judge of the defendant's motion for a directed verdict and to a portion of the charge.

In the recent case of *Luster* v. *Luster*, 299 Mass. 480, we decided that an unemancipated minor living with his parent cannot recover against the parent for personal injuries caused by negligence. We need not determine whether the principle of that decision applies to the statutory action

for death (see *Martinelli* v. *Burke*, 298 Mass. 390, 391), as we are of the opinion that the reasons of policy underlying the *Luster* case have but slight bearing where the action is against the employer of the parent, and that an action may lie against the employer where it would not lie against the parent himself. Thus a wife can recover for her husband's negligence against his employer, though she cannot recover against her husband himself. *Pittsley* v. *David*, 298 Mass. 552, 553. See Am. Law Inst. Restatement: Agency, § 217, Comment b.

It is urged that the plaintiff as administrator cannot prevail under the statute because the father, who as one of the next of kin would share in the distribution of the money recovered, would thereby profit from his own wrong. Upon the question so raised nearly every possible view seems to have been taken by the courts of various States. Where the wrongdoer would be the sole beneficiary it seems to have been quite generally held that no action can be maintained. *Niemi* v. *Boston & Maine Railroad*, 87 N. H. 1. *Richmond, Fredericksburg & Potomac Railroad* v. *Martin's Administrator*, 102 Va. 201. *Ploof* v. *Burlington Traction Co.* 70 Vt. 509, 514–518. *Lee* v. *New River & Pocahontas Consolidated Coal Co.* 203 Fed. 644. Compare, however, *McKay* v. *Syracuse Rapid Transit Railway*, 208 N. Y. 359; *Consolidated Traction Co.* v. *Hone*, 30 Vroom, 275. But in the present case the mother would be entitled to share as one of the next of kin. In such instances some courts have held that there can be no recovery at all, in spite of the existence of innocent distributees. *Hazel* v. *Hoopeston-Danville Motor Bus Co.* 310 Ill. 38, 42, *et seq.* *Brown McClain Transfer Co.* v. *Major's Administrator*, 251 Ky. 741, 745. Others have held that the amount of recovery by the executor or administrator should be reduced by the amount payable as the share of the negligent distributee. *Phillips* v. *Denver City Tramway Co.* 53 Colo. 458, 470–473. *Cleveland, Cincinnati, Chicago & St. Louis Railway* v. *Grambo*, 103 Ohio St. 471, 477. *Anderson* v. *Memphis Street Railway*, 143 Tenn. 216. Still others support the view that where there are any innocent beneficiaries re-

covery may be had for the benefit of all, even though there are some who are guilty. *Southern Railway* v. *Shipp*, 169 Ala. 327. *Wilmot* v. *McPadden*, 78 Conn. 276. *Wymore* v. *Mahaska County*, 78 Iowa, 396, 399. *Danforth* v. *Emmons*, 124 Maine, 156. *Love* v. *Detroit, Jackson & Chicago Railroad*, 170 Mich. 1.

These citations might be greatly extended to no useful purpose. It is apparent from reading them that the results are dependent upon the varying characters of the death statutes of different jurisdictions and to some extent upon the local law as to imputed negligence. Our own death statute provides that action be brought by the executor or administrator and that damages be assessed with reference to the degree of culpability of the defendant or of that of his agents or servants. G. L. (Ter. Ed.) c. 229, § 5. Its primary purpose is punishment proportionate to the degree of blame inherent in the wrongful act for which the defendant is liable. *Porter* v. *Sorell*, 280 Mass. 457. In that case at page 462 we said, "This court cannot by construction add a limitation on punishment which the Legislature did not see fit to establish." See also *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582; *Putnam* v. *Savage*, 244 Mass. 83; *Macchiaroli* v. *Howell*, 294 Mass. 144. Liability based upon the degree of culpability of the defendant cannot be varied according to the number of beneficiaries who are guilty or innocent. Compare *Brown* v. *Thayer*, 212 Mass. 392, 399. There is no way in which damages can be either wholly denied or reduced because of the contributory negligence of one or more out of a group of beneficiaries without violating the statute. We therefore conclude that, at least when there is one beneficiary whose fault did not contribute to the death, recovery can be had without regard to the fault of other beneficiaries. It does not necessarily follow that beneficiaries who are at fault can share in the distribution by the executor or administrator of the money recovered. Compare *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 568. It may be that the attitude of the common law toward a wrongdoer will be carried over to affect the statutory right, so that the proceeds of recovery

must be distributed among the innocent beneficiaries alone as if the guilty beneficiaries did not exist. This is the rule laid down in Am. Law Inst. Restatement: Torts, § 493, Comment a (second paragraph). See *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 570. But the question of distribution is not now before us, and we do not decide it.

The jury could find that the mother of the deceased was an innocent beneficiary free from negligence. There was evidence that Mrs. Hofman with the deceased and another child was in the rear of her home taking in clothes; that a neighbor and her young child were also present; that after "a very short time" Mrs. Hofman missed the deceased and "instantly went to look for her," when she observed her husband bringing the deceased in his arms either unconscious or dead; that the deceased had been gone from her mother's side two or three minutes; and that Mrs. Hofman had instructed the deceased to stay in her own yard and had never known her to disobey these instructions. *Herd* v. *Boston Elevated Railway*, 265 Mass. 125. *Shear* v. *Rogoff*, 288 Mass. 357, 360–361. *St. Pierre* v. *Hathaway Baking Co.* 296 Mass. 455. *Capano* v. *Melchionno*, 297 Mass. 1.

There was evidence from which the jury could find that the deceased at the time of the accident was in the custody of her mother and not of her father, and therefore that negligence of her father was not to be imputed to her. In addition to that already stated there was evidence that the father had left for work about 7:30 A.M.; that the accident happened about noon; that the children always were in their mother's care; and that when the father returned with the truck, although he saw the deceased and "waved a greeting to her," he did not speak to her or warn her to be careful or otherwise assume charge of her by any act on his part. Custody as the word is used in this connection is commonly a question of fact. *Slattery* v. *O'Connell*, 153 Mass. 94. *Mellen* v. *Old Colony Street Railway*, 184 Mass. 399. *Tucker* v. *Ryan*, 298 Mass. 282, 285. See *Tornroos* v. *R. H. White Co.* 220 Mass. 336, 342.

Finally, there was evidence of negligence on the part of

the father. The approach to his house was through a narrow driveway which first ran in a southerly direction and then turned at a right angle toward the west, where the piazza of another house was located so near the southerly side of the way on his left that he was obliged to drive within a few inches of it in order to make the turn. It could be found that he last saw the deceased running along in the same direction in which the truck was going, three or four feet from the left side of the truck, into the narrowing space between the truck and this piazza; that he then "took his head in and did not keep his eyes on his child any longer," but continued on until he felt a bump and then found the deceased on the ground about a foot in the rear of the left rear wheel, which was then twelve to eighteen inches from the westerly corner of the piazza. In view of the child's age and her position it could have been found that the father was negligent in going on before the deceased had reached a place of assured safety. *Dowd* v. *Tighe,* 209 Mass. 464. *Tenney* v. *Reed,* 262 Mass. 335. *Minsk* v. *Pitaro,* 284 Mass. 109, 112. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323. *Capano* v. *Melchionno,* 297 Mass. 1, 7.

From what has been said it appears that there was no error in denying the defendant's motion for a directed verdict.

The defendant took a single exception to "that part of the charge which deals with the question of the due care of the father and mother and whether or not the child was in the control or custody of the father at the time the accident happened." The part of the charge thus referred to contains six or seven different propositions, each very briefly stated. The exception failed to point out which of these were deemed objectionable or wherein they were wrong. Such an exception is of no avail. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110–111. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168. *Tucker* v. *Ryan,* 298 Mass. 282, 284. The defendant now argues that the charge was inadequate in detail and insufficient to give the jury a clear perception of the alternatives presented to them. *Mahoney* v. *Boston Elevated Railway,* 271 Mass. 274, 279.

But an objection of this kind must be drawn specifically to the attention of the judge at the trial in order that the charge may be then corrected. *Butler* v. *Butler,* 225 Mass. 22, 27–28. *Hamilburg* v. *Meffert,* 290 Mass. 456, 460.

*Exceptions overruled.*