(No. 15284.—Judgment affirmed.)

CHARLES E. HAZEL, Admr., Appellant, *vs.* THE HOOPESTON-DANVILLE MOTOR BUS COMPANY, Appellee.

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. APPEALS AND ERRORS—*effect where Appellate Court reverses with finding of fact.* Where the Appellate Court reverses a judgment in a suit at law and makes a finding of fact the Supreme Court may consider whether there is any evidence in the record to support such finding, but if there is such evidence the finding of fact is binding.

2. SAME—*correct judgment cannot be reversed though counsel argue wrong theory.* If the conclusion of the Appellate Court as to questions arising on the record and presented by the assignments of error is correct, its judgment cannot be reversed because counsel were mistaken in the reasons or arguments by which they sought to support the assignments of error.

3. SAME—*appellee is entitled to sustain judgment of Appellate Court by new argument.* An appellee is entitled to sustain the judgment of the Appellate Court by any argument and upon any basis appearing in the record which shows that it is right, even though such argument has not been previously made.

4. NEGLIGENCE—*general rule as to right to recover damages regardless of negligence of third party.* In an action to recover damages caused by the defendant's negligence, the negligence of a third party cannot be imputed to the plaintiff unless such third party occupies the relation of servant or agent of the plaintiff; and this rule applies to an infant of any age or to a wife, as well as to a stranger, and they are responsible for their own negligence, only.

5. SAME—*one whose own negligence materially contributes to his injury is without remedy at common law.* One whose own negligence materially contributes to the injury of himself or his property is without remedy at common law; and this rule applies to every case arising under the act authorizing the recovery of damages for death caused by wrongful act, whether the relation between the deceased and the next of kin was that of parent and child, husband and wife, or other relation; whether the deceased was in the care of the next of kin or not, and whether the deceased was an adult or a minor.

6. SAME—*negligence by one beneficiary bars action for wrongful death.* The action for damages for wrongful death is entirely statutory and is a single cause of action, permitting of no separation of the damages assessed by the jury but requiring an assessment of damages in a single gross amount; and the contributory negligence of one beneficiary who may be entitled to share in the amount recovered bars the action.

7. SAME—*action for wrongful death of wife is barred by contributory negligence of husband.* An action by a husband, as administrator, to recover damages for the death of his wife in an automobile accident, is barred if the negligence of the husband materially contributed to the accident, even though the wife herself was not negligent and there are minor children surviving.

STONE, J., dissenting.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

GRAHAM & DYSERT, (L. T. ALLEN, and THOMAS A. GRAHAM, of counsel,) for appellant.

BROWN, HAY & STEPHENS, WILBUR R. WICKS, and PAUL W. GORDON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Third District reversed, with a finding of fact, a judgment for $8000 against the Hoopeston-Danville Motor Bus Company, recovered by Charles E. Hazel, administrator of the estate of Deloia

Hazel, deceased, his wife, for her death from personal injuries received in an automobile collision alleged to have been caused by the negligence of the defendant. The finding of fact was "that Charles Hazel, husband of deceased, who is one of the persons for whose benefit this suit was brought, was guilty of negligence, and that such negligence contributed to bring about the accident which caused the death of Deloia Hazel, deceased." The Appellate Court granted a certificate of importance, and the plaintiff has appealed.

Two questions are presented by the record: (1) Whether there is any evidence tending to sustain the finding of fact; and (2) whether the Appellate Court correctly applied the law to the facts found. If there is evidence tending to sustain the facts found we cannot consider its weight but are bound by the finding of the Appellate Court. *National Life Ins. Co.* v. *Metropolitan Life Ins. Co.* 226 Ill. 102.

The accident which resulted in the death of the plaintiff's wife occurred on the Dixie Highway,—a paved road which extends through Hoopeston and Danville,—on January 9, 1922, a few minutes after five o'clock in the evening. There was evidence tending to show the following facts: The appellant, a retired farmer living in Danville, was returning home from Hoopeston when he met a motor bus of the appellee coming north from Danville to Hoopeston, a short distance north of White's corner, a few miles north of Danville. The plaintiff was driving his car and his wife was occupying the front seat beside him, at his right hand. He was using the dimmer on his lights, and as he came south he saw the motor bus turn a curve at White's corner. The lights were intensely bright, and as the motor bus came down the road Hazel testified that he was entirely blinded by them. He switched his lights on and off twice but the lights on the motor bus were not put out or dimmed. He testified that he was sixty rods away when the lights began

to affect him, and he released his clutch and set his brake when he signaled for the operator of the motor bus to use his dimmer. The road was straight between him and the light and there was no obstruction. As he approached the bus he pulled over to the right and kept his brake on. The road is brick, eighteen feet wide, with gravel shoulders, and was in good condition. As he approached the motor bus his car was partly on the gravel and partly on the brick. He could not see any obstruction on the road ahead of him because of the bright lights though he was looking ahead and trying to see. The lights were in his eyes not over a minute, and just as he passed them he crashed into a lumber wagon which was going south on the west side of the road. The first he knew of the lumber wagon ahead of him was just an instant before he struck it. This lumber wagon, and another just ahead of it, had been on the road for a half or three-quarters of an hour and were loaded with bridge timber sixteen feet long, six to ten inches wide and two and a half to three inches thick. When the car hit the wagon the wagon was pushed ahead, and the timbers slipping back over the radiator came through the windshield, struck the plaintiff's wife and killed her. The wagon was pushed forward against the wagon in front and both teams ran away. A witness who was there immediately after the accident testified that he made measurements to find how far the car traveled after it hit the wagon, and it had traveled about thirty-four or thirty-five feet after the collision. The appellant testified that at the time he switched his lights on and off as a signal to the driver of the motor bus he released his clutch and set the brake, and that at that time his speedometer indicated a speed of not quite twenty-five miles an hour. This evidence tends to show that while the appellant was unable to see ahead of him on account of the lights of the motor bus, he continued to drive blindly on at such a rate of speed that after striking the loaded wagon his car ran about thirty-five feet with the clutch released and the

brake set and was badly damaged by the impact. There was therefore evidence tending to sustain the finding that the appellant was guilty of negligence, and we cannot consider the conflicting evidence but are bound by the finding of the Appellate Court.

What was the effect of the appellant's negligence on the cause of action? It would have had no effect if the wife had lived. If she had survived the accident and had sued to recover damages for the injury the negligence of her husband in driving the automobile could not have been imputed to her and would not have barred her action. It has long been the settled law in this State that in an action to recover damages for an injury caused by negligence the negligence of a third party cannot be imputed to the plaintiff unless such third party occupies the relation of servant or agent of the plaintiff. (*Opp* v. *Pryor,* 294 Ill. 538; *Pienta* v. *Chicago City Railway Co.* 284 id. 246; *Nonn* v. *Chicago City Railway Co.* 232 id. 378; *Chicago and Alton Railroad Co.* v. *Vipond,* 212 id. 199; *Chicago Union Traction Co.* v. *Leach,* 215 id. 184.) This rule applies to an infant of any age, or to a wife, as well as to a stranger. All these are responsible for their own negligence, only.

If the deceased was guilty of no personal negligence which would have barred her from maintaining the action, the negligence of her husband could not have been imputed to her for that purpose, and the question presented is whether the right of action created by the statute in favor of her personal representatives is barred by the contributory negligence of her surviving husband. Besides her husband she was survived by five children, all adults. Is the contributory negligence of one of the persons for whose benefit a recovery is authorized a defense to the statutory action? There has been a great diversity of answers to this question. In New York it has been held that the statute fixes the condition upon which the liability depends, and this condition is solely the right of the injured person to recover, if liv-

ing; that it is for the legislature to prescribe the condition for the maintenance of a statutory action, and that the contributory negligence of the beneficiary, even though the recovery is for his exclusive benefit, has no effect on the cause of action. (*McKay* v. *Syracuse Rapid Transit Railway Co.* 208 N. Y. 359.)   In that case the intestate for whose death the action was brought was the plaintiff's wife, as here, and the husband was the sole beneficiary.   *Hines* v. *McCullers,* 121 Miss. 666, is to the same effect.   In Iowa, in an action for negligently causing the death of an infant, the decision is to the same effect, but the reasons given for the conclusion are somewhat different.   It is held that the action seeks to recover in right of the child and not for his parents, who were the beneficiaries, and that their right is by inheritance from the estate of the deceased, and that if the facts are such that the deceased could have recovered had the injuries not been fatal his administrator may recover the full amount of damages which the estate sustained, regardless of the contributory negligence of the beneficiaries. (*Wymore* v. *Mahaska County,* 78 Iowa, 396.)   In a similar case in New Hampshire it was also held that the action is for the benefit of the child's estate and not of the beneficiary, who will be indirectly benefited only as an incident of the suit.   It is said that the action, had the child survived, would have been brought in his name; that the child's cause of action survived by reason of the statute; that the money recovered was assets in the hands of the administrator, to be distributed in accordance with the special provisions of the statute, and that the beneficiary's negligence was no bar to the action.   (*Warren* v. *Manchester Street Railway Co.* 70 N. H. 352.)   So in *Southern Railroad Co.* v. *Shipp,* 169 Ala. 327, pleas which attempted to set up the contributory negligence of the plaintiff (the father of the child) to defeat the action brought by the personal representative, and not by the father as parent, to recover compensation for loss of services, were held bad on the ground

that the action was not for the benefit of the father but for
the distributees of the intestate, and that the fact that the
father was or might be one of the distributees would not
render his negligence a defense to the action though he hap-
pen to be the plaintiff as personal representative. It was
held that a parent suing in his own right for the death of
his child cannot recover if his own negligence contributed
to the death, for the reason that a person should not profit
by his own wrong, but in an action by him, as administra-
tor, for the death of his child his contributory negligence
will not defeat a recovery though he be the sole beneficiary.

This question was carefully considered in the case of
*Ploof* v. *Burlington Traction Co.* 70 Vt. 509, an action to
recover damages for the negligent killing of the plaintiff's
son. The father sued, as administrator, for the benefit of
himself and his wife, the boy's mother. Put briefly, the
court said the contention that when the recovery is for the
benefit of the parents their contributory negligence is no
defense, is that a parent may recover damages sustained in
part by his own wrong or produced by an accident to which
his own negligence contributed. This contention is held
contrary to the general doctrine that a person contributing
to an accident causing him damage cannot recover. To
the contention that the statute gave an absolute right to re-
cover, it was answered that the recovery was not in the
right of the deceased or for an injury to his estate, though
it grew out of an injury to the deceased, but the statute
gave a right of recovery not for the injury to the deceased
or to his estate but for the pecuniary injury to the wife
and next of kin resulting from the injury to the deceased.
The statute did not cause the right of action in the deceased
to survive but caused a new right to arise with a different
measure of damage from that existing in the deceased. The
right of the widow and next of kin to damages determines
their right to recover, and "the court and jury may give
such damages as are just with reference," etc. "From a

very early day the common law has denied a recovery, as unjust, to a party whose negligence has contributed to the accident causing the injury for which he demands damages. All statutes conferring a right of recovery of damages, especially when in terms they give such damages, only, as are just, must be read and considered with reference to the universal principle of the common law. So read, this statute does not give an absolute right to recover in case a right of action would have survived to the intestate if death had not ensued." The statute of this State authorizes the jury to "give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $10,000."

The above decision of the Supreme Court of Vermont announcing the rule that the negligence of parents contributing to the injury of a child of tender years injured by the negligence of another cannot be imputed to the child in his action for damages but does constitute a bar to an action by the parents or for their benefit was made in 1898, but the same rule had been announced several years before in the case of *Chicago City Railway Co. v. Wilcox,* 138 Ill. 370, following many previous decisions, and it has since been followed by many more. The negligence of the parents will bar the action, not because it is a failure of duty to the child, not because of the tender consideration of the law for the condition of infancy, not because of imputed negligence, and not because of the reason suggested in some of the decisions that no man may profit by his own wrong. The latter principle, it was said in *McKay v. Syracuse Rapid Transit Railway Co. supra,* has no application to such a case. The reason that the negligence of the parent of an infant decedent, or of any beneficiary, is a bar to the action of the administrator is, that, the action being for damages caused to the beneficiary by the negligence of the defendant, it has been the theory of the common law in every such

case that the contributory negligence of the person suffer-
ing the damages is a complete defense to the person negli-
gently causing the injury. In every such case the party who
by his own negligence has contributed materially to his in-
jury is left remediless by the common law, for the reason,
universally recognized where that system of law prevails,
that no man may recover damages for an injury to himself
or his property which he himself was a material instrument
in causing. The principle applies not only to suits for dam-
ages for the death of minor children caused by negligence
where the parent has himself been negligent, but to every
case under the act authorizing the recovery of damages for
death caused by a wrongful act, whether the relation of
the deceased and the next of kin was that of parent and
child, husband and wife, brother and sister or other rela-
tion, whether the deceased was in the care of the next of
kin or not, and whether the deceased was an adult or minor.

The rule in Illinois and Vermont is observed, also, in
many other States in which it is held that the negligence of
the beneficiary is a bar to the action of the administrator.
(*Pittsburg, Fort Wayne and Chicago Railroad Co.* v. *Vin-
ing,* 27 Ind. 513; *Darbinski* v. *Pennsylvania Co.* 248 Pa.
503; *Toner* v. *South Covington Street Railway Co.* 109
Ky. 41; *Railroad Co.* v. *Christian,* 8 Tex. Civ. App. 246;
*Scherer* v. *Schlaberg,* 18 N. D. 421; *Tucker* v. *Draper,*
62 Neb. 66.) In many States the principle that the con-
tributory negligence of the beneficiary is a bar to the action
of the administrator is recognized but its effect is limited
to the negligent beneficiary, and the negligence of one bene-
ficiary which contributed to the injury will not prevent a
recovery in favor of another beneficiary who was not neg-
ligent. (*Phillips* v. *Denver City Tramway Co.* 53 Col. 458;
*Kokesh* v. *Price,* 136 Minn. 304; *Love* v. *Detroit, etc. Rail-
road Co.* 170 Mich. 1.) In *Davis* v. *Seaboard Air Line
Railway,* 136 N. C. 115, the question was referred to but
not passed upon, and in *Bamberger* v. *Citizen's Street Rail-*

*way Co.* 95 Tenn. 18, and *Dickinson* v. *Stuart Collieries Co.* 71 W. Va. 325, the plaintiff was the sole beneficiary and the decision was limited to that condition.   In Ohio it is held that the administrator is a mere nominal party, having no interest in the case for himself or the estate; that the action is for the exclusive benefit of the beneficiaries; that the assessment of damages, though the verdict is for a gross sum, should be made with reference to the pecuniary injury to each separate beneficiary, and that the defense of contributory negligence is available against a beneficiary if by his negligence he contributed to the death of the deceased but will not defeat the action as to others who are not guilty of such negligence.   (*Wolf* v. *Lake Erie and Western Railroad Co.* 55 Ohio St. 517.)   That decision is based to some extent on the special language of the Ohio statute and is not applicable to our statute, which provides for a single assessment of damages in a gross amount, whose distribution is to be the same in every case, and not for an assessment of damages to the respective beneficiaries.

The conflict in the decisions of the courts of different States is irreconcilable, and, as we said in the consideration of this question in *Ohnesorge* v. *Chicago City Railway Co.* 259 Ill. 424, if the question were an open one in this court the appellant's argument would be entitled to serious consideration.   By the decisions prior to that case the settled rule of law had been established in this State that the contributory negligence of a parent is a bar to an action by an administrator for the death of a child.   The statute creating a cause of action for the death of a person caused by negligence, in favor of his widow and next of kin, to be prosecuted in the name of his personal representatives, was passed in 1853, and in the first case under the statute which reached the Supreme Court, (*City of Chicago* v. *Major,* 18 Ill. 349,) Mr. Justice Caton speaking for the court gave a full exposition of the purpose and meaning of the statute. The sole object of the first section, he said, was to create a

right of action and to specify in what cases or for what wrongs it might be brought. The purposes of the second section were two: First, to determine by whom or in whose name the action should be brought; and second, to declare for whose benefit the action should be brought or how the money recovered should be disposed of or distributed. The first purpose is declared in such a way as to leave no doubt. The action is to be brought by the personal representatives,—that is, by the executors or administrators. Some difficulty arose out of the language used to designate for whose benefit the suit was to be brought or how the money was to be distributed, the expression being, that it should be for the benefit of the widow and next of kin of the deceased in the same proportion as is provided by law for the distribution of personal estate of intestates. The legislature intended that the money recovered should not be· treated as a part of the estate of the deceased. It designed to exclude creditors from any benefit of it and to prevent its passing by virtue of any provisions of the will of the deceased. The personal representative brings the action not in right of the estate but as trustee for those who had a more or less direct pecuniary interest in the continuance of the life of the deceased, and who had some claim, at least, upon his or her natural love and affection. The legislature intended that the fruits of the judgment should be distributed among those to whom his personal estate would descend after the payment of debts and in the absence of a will. It was further held that the instruction given to the jury was correct that they must believe from the evidence that the defendant was guilty of the negligence which produced the injury and also that its parents were not guilty of negligence, and that the burden of proof was on the plaintiff to show not only that the city was negligent but also that the parents were not negligent.

The *Major case* has been followed and the last proposition mentioned has been adhered to without exception in

numerous cases, among which are *City of Chicago* v. *Starr*, 42 Ill. 174; *Toledo, Wabash and Western Railway Co.* v. *Grable*, 88 id. 441; *City of Pekin* v. *McMahon*, 154 id. 141; *Chicago and Alton Railroad Co.* v. *Logue*, 158 id. 621; *True & True Co.* v. *Woda*, 201 id. 315; *Illinois Central Railroad Co.* v. *Warriner*, 229 id. 91; *Follett* v. *Illinois Central Railroad Co.* 288 id. 506; *Ohnesorge* v. *Chicago City Railway Co. supra.* The cause of action is entirely statutory and is a single cause of action. There is no separation of the damages to be assessed by the jury. Their finding is for a single gross amount in an inseparable cause of action, and the contributory negligence of one beneficiary who may be entitled to share in the amount recovered is a defense to the action. It is true that in the original case the parents were found not to have been negligent; and this is true of some, but not all, of the other cases. In *Ohnesorge* v. *Chicago City Railway Co. supra,* and *Toledo, Wabash and Western Railway Co.* v. *Grable, supra,* the negligence of one or both parents was held sufficient to require the reversal of judgments for the administrators for contributory negligence of the beneficiary. In the latter case it was said: "Its parents in whose custody the child was, must be charged with the duty of exercising reasonable care for its safety, and if for the want of such care the child was killed, it is apprehended there can be no recovery on behalf of the next of kin." In many cases it does not appear whether there were other next of kin than the parents, and that question does not appear to have been regarded as important. This was not the case, however, in *City of Pekin* v. *McMahon, supra,* or *Illinois Central Railroad Co.* v. *Warriner, supra.* In the former case the deceased child had four brothers and sisters and in the latter two sisters who survived, and in the latter case it is said: "Where an action for damages on account of the death of a child is brought for the benefit of those who were chargeable with its care, their contributory negligence will bar the action."

310—4

In the recent case of *Follett* v. *Illinois Central Railroad Co. supra,* an instruction was held to be erroneous because "the defendant had a right to have the law given to the jury that the burden was on the plaintiff to prove the exercise of ordinary care on the part of the parents, who were to participate in any recovery, and the instruction was changed by the court so as to place that burden upon the defendant, and require it to prove, by a preponderance of the evidence, that the parents did not exercise the required degree of care." This was an announcement of the settled rule of law which it was held in the *Ohnesorge case, supra,* under the rule of *stare decisis,* could not be regarded as an open question in this State.

A distinction is sought to be drawn between this case, in which the deceased was an adult and the negligent beneficiary a husband, and those cases in which the deceased was an infant and the negligent beneficiary a parent. There is no distinction which affects the action. The application of the rule to the case of an adult decedent is not an extension of it but merely another instance of its relevancy. The only reason for the defense in either case is the doctrine of contributory negligence. It is said in *Chicago City Railway Co.* v. *Wilcox, supra:* "Where an action for the negligent injury of an infant is brought by a parent or for the parent's own benefit, it is very justly held that the contributory negligence of such parent may be shown in bar of the action. That is only a phase of the general rule that the contributory negligence of the plaintiff is a defense."

The appellant has assigned for error that the Appellate Court erred in deciding the case on a point not raised by either party in that court. On leave granted, the briefs of both parties filed in the Appellate Court were filed in this court for the purpose of determining what points were presented in the Appellate Court. One of the errors assigned in that court was that the trial court erred in overruling the defendant's motion, made at the close of all the evidence,

for a verdict in its favor, and another was the refusing of proper instructions. It was also assigned for error that the verdict is contrary to the evidence and that the plaintiff was guilty of contributory negligence. Several of the instructions which were refused requested the court to charge the jury that contributory negligence on the part of the husband, the driver of the car, would defeat a recovery and require a verdict of not guilty. The case in the Appellate Court was argued on the theory that the negligence of the husband would be imputed to the wife,—a view which the Appellate Court did not take and which the law does not justify; but the issue presented by the assignments of error was whether the negligence of the plaintiff, the husband and beneficiary, was a bar to the action brought by him as administrator. The argument presented on that issue in the Appellate Court was not convincing. It was based on a wrong theory, but the decision of the Appellate Court was within the issue made, and the question presented to this court on review is whether the Appellate Court decided the issue right or wrong. If the conclusion as to the questions arising on the record and presented by the assignments of error is correct, the judgment cannot be reversed because the reasons or arguments by which counsel supported their assignments of error in the Appellate Court were mistaken. The appellee is entitled to sustain the judgment of the Appellate Court by any argument and upon any basis appearing in the record which shows that it is right, though it had not previously advanced such argument. *Becker* v. *Billings,* 304 Ill. 190.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE, dissenting.