Bert W. Newton, Administrator of the Estate of George C. Newton, Deceased, Appellee, v. Illinois Oil Company, Appellant.

Gen. No. 7,148.

1. DEATH BY WRONGFUL ACT—*permitting minor son to work in violation of Child Labor Law as contributory negligence*. In an action for damages for the death of plaintiff's minor son against one who employed the boy in violation of the Child Labor Law, the parents, for whose benefit the action is brought, are shown to have been contributorily negligent, where the evidence shows that the boy was under age and was employed in defendant's paint factory and that with knowledge that he was engaged in prohibited work the parents permitted him to continue his employment on his promise to quit at the end of the week.

2. DEATH BY WRONGFUL ACT—*contributory negligence of beneficiaries as defense to action based upon Child Labor Law*. The contributory negligence of the parents of a child under the age of sixteen years who was employed by defendant in prohibited employment in violation of the provisions of the Child Labor Law of 1917, in permitting such child to continue in the prohibited employment, is available to defendant, notwithstanding its violation of the positive provisions of the statute, as a defense in bar of an action for damages for the death of such child brought by the father for the benefit of himself and the mother and two brothers of the decedent as next of kin.

3. DEATH BY WRONGFUL ACT—*omission of question of contributory negligence from instruction directing verdict erroneous*. It was error in an action for damages for the death of a minor child employed by defendant in violation of the Child Labor Law to give instructions directing a verdict against defendant which omitted the question of the contributory negligence of parents, in whose behalf the action was brought, in permitting their son to be employed in such prohibited employment.

Appeal by defendant from the Circuit Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1922. Reversed with finding of fact. Opinion filed February 16, 1924.

ROBERT W. OLMSTEAD, for appellant; C. J. SEARLE, of counsel.

MARSHALL & MARSHALL and J. CLINTON SEARLE, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This suit was instituted in the circuit court of Rock Island county by Bert W. Newton, administrator of the estate of George C. Newton, deceased, appellee, against Illinois Oil Company, appellant. Upon a trial of said cause appellee obtained a judgment against appellant for $5,575, and this appeal followed.

This action is based upon an alleged violation of the Child Labor Law. Section 2 of the Child Labor Act of 1917 [Cahill's Ill. St. ch. 48, ¶ 45], in force at the time deceased met his death, made it unlawful for any person, firm or corporation, agent or manager of any firm or corporation, to hire or employ or to permit or to suffer to work in any manufacturing establishment, factory or workshop, any child under sixteen and over fourteen years of age, unless there is first procured and placed on file an employment certificate as therein provided.

Section 10 of the same Act [Cahill's Ill. St. ch. 48, ¶ 53] prohibits the employment of any minor under sixteen years of age in any capacity in the manufacture of paint, or in operating or in assisting to operate any passenger or freight elevator.

The declaration and each count thereof charged a violation of certain of these statutory provisions and the evidence shows that appellant was engaged in the manufacture of paint and barrels and occupied a three-story factory building; that on June 1, 1920, appellee's intestate, a boy fifteen years and ten months of age, was employed by appellant and on the first day of his employment deceased assisted several young men in unloading barrels of lithophone (a paint ingredient) from a freight car, removing them by elevator to the third floor of appellant's plant; that the provisions of section 2 with reference to a certificate

of employment were not complied with. The following morning deceased returned to his employment and about noon, while operating the elevator, accidentally became caught between the floor of the elevator and the gate which had automatically raised up against the ceiling of the second floor and sustained injuries from which he died the same afternoon.

Section 13 of the Child Labor Law [Cahill's Ill. St. ch. 48, ¶ 56] provides that whoever shall have under his control a minor under the age of sixteen years and permits such minor to be employed in violation of the provisions of said act shall be subject to a fine.

As this suit was brought for the benefit of the next of kin and the deceased left surviving him his father, Bert W. Newton, the administrator, Minnie Newton, his mother, and Martin Newton and Richard Newton, his two brothers, it is strenuously contended by appellant that the father and mother of deceased permitted their son to be employed, and for that reason they were guilty of such contributory negligence as to defeat a recovery.

The mother testified that upon her son's return from work the first day his clothing was covered with paint and his father told him then, "I am not going to have you working there. I want you to quit that job." Deceased then told his parents that he was not going to do anything the next day except label goods and he begged to be allowed to finish out the week, and his father replied, "You have got to quit. I don't want you to be doing that kind of work." The evidence further shows that both the father and mother knew the deceased was going back to appellant's factory the next morning and that his mother prepared his lunch. The mother testified that the father expected the son to quit work at the end of the week.

A number of reasons are assigned and argued by appellant why the judgment should be reversed.

The testimony of the father and mother shows that

they contributed to the injury that occasioned the death of the deceased. The question then arises, is the contributory negligence of the persons or any one of them for whose benefit a recovery is authorized a defense to the statutory action? Appellee insists that by reason of the fact appellant employed the deceased and permitted him to work in the factory in question, the doctrine of contributory negligence cannot be invoked. The rule is, if this had been a suit by the infant himself for injuries he sustained then the employer would not be allowed under the law to invoke the doctrine of contributory negligence; this being a suit for the benefit of the next of kin, although appellant is charged with the violation of a positive provision of the statute, still if the beneficiaries or any of them contributed to the injury that occasioned the death, the appellant is not precluded from invoking the doctrine of contributory negligence.

There has been a diversity of opinion in the courts of the different states as to what the law is that arises from the facts as disclosed in this record. There is no doubt now in this State as to what the true rule is, based upon such a state of facts as is presented in this cause. In the recent case of *Hazel v. Hoopeston-Danville Motor Bus Co.*, 310 Ill. 38, the questions raised in this proceeding are very fully discussed and determined contrary to the contention of appellee. The holding in the case last above cited is that one whose own negligence materially contributes to the injury of himself or his property is without remedy at common law; and this rule applies to every case arising under the act authorizing the recovery of damages for death caused by wrongful act, whether the relation between the deceased and the next of kin was that of parent and child or husband and wife; whether the deceased was in the care of the next of kin or not, and whether the deceased was an adult or a minor. The court also held in said last-mentioned opinion that the action for damages for wrongful death is en-

tirely statutory and is a single cause of action, permitting of no separation of the damages assessed by the jury but requiring an assessment of damages in a single gross amount; and the contributory negligence of one beneficiary who may be entitled to share in the amount recovered bars the action.

The second instruction given on the part of appellee is complained of by appellant. It is as follows: ''The court further instructs the jury that if you believe from all of the evidence in the case that George C. Newton was a minor under the age of sixteen years at the time of his injury, and was at that time employed and permitted by defendant to work in the manufacturing establishment or factory of defendant without any employment certificate signed by the Superintendent of Schools of the City of Rock Island, Illinois, or by his agent, having been first procured and placed on file in said factory and that while so employed and permitted to work he was crushed between the elevator and a part of said building of defendant's factory and thereby suffered injuries from which he afterwards, on the same day, died, then your verdict should be for the plaintiff.'' This instruction directed a verdict and should have included every element that appellee was required to aver and prove. The question of contributory negligence being omitted from the instruction, it was error to give it. Instruction number four given on the part of appellee is erroneous for the same reason as number two.

Complaint is also made by appellant of a number of refused instructions. Certain instructions were refused that should have been given as asked for by appellant. By reason of the conclusion we have reached it is unnecessary to discuss the instructions further.

The confusion in this suit has been occasioned largely because it is claimed that the Child Labor Act was violated by the employer and parent, at one and the same time. This is the only case to our knowledge where such a state of facts has been presented to the

courts of this State with a view of determining the law arising therefrom.

We conclude, therefore, that the judgment of the court below should be reversed, which is accordingly done.

*Judgment reversed with finding of fact.*

Finding of fact. We find that the father and mother of the deceased were guilty of such contributory negligence that a recovery is barred in this case.