George T. Bennett, Administrator of the Estate of Libby A. Bennett, Deceased, Appellant, v. George E. Bennett, Appellee.

Gen. No. 32,928.

Opinion filed April 17, 1929.

KREMER, BRANAND & HAMER, for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellee; DAVID JACKER and WILLIAM H. SYMMES, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for negligently causing the death of plaintiff's intestate, Libby A. Bennett, the mother of the defendant, in so managing his automobile, in which his mother was riding by his invitation, that the automobile overturned injuring the mother so seriously that she soon thereafter died as a result of such injuries.

The declaration consisted of three counts, the first charging negligence generally, the second driving at an excessive rate of speed, and the third is a wilful and wanton count. In each count it is charged that plaintiff's intestate left her surviving her husband, George T. Bennett, the administrator plaintiff, William W. Bennett, Clarence R. Bennett, and George E. Bennett, her sons, and Mattie Cavanagh, Grace Patterson, Ruth Smith and Janette C. Bartle, her daughters and next of kin, who are still living, and that by reason of the death of Libby A. Bennett, they have suffered and will continue to suffer great damage.

To this declaration defendant interposed a general demurrer, which on hearing was sustained, and a judgment of *nil capiat* and for costs entered, from which judgment plaintiff brings the record here by appeal for review.

The declaration does not charge, nor does the demurrer admit, that the defendant is a son of the plaintiff's intestate, yet it is conceded by both the contesting parties that such is the relationship. Consequently we will assume the fact to be as conceded for the purpose of our decision.

The question controlling the case is whether the father, administrator of his deceased wife, can main-

tain this action against his son, to whose negligence is attributed her death. In his ruling on the demurrer the trial judge inferentially held that he could not, and plaintiff contends here, as he did in the trial court, that he can.

By the admission that defendant is a son of plaintiff's intestate, it follows that if a recovery can be had in this suit, the defendant will have a right to the same proportion of such recovery as will his brothers and sisters. The only case in this state supporting defendant's contention is *Hazel v. Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38, on faith of which the trial judge rested his decision on the demurrer. Plaintiff contends that the instant case is distinguishable from the *Bus* case, *supra.*

If this action can be maintained an anomalous condition would be presented. The action is for the use of the next of kin, of which defendant is one. In such circumstances he, in effect, would be suing himself, and it is axiomatic at common law that no one can be both plaintiff and defendant in the same suit. While such is not technically true in the case at bar, the logical effect is the same, because defendant would share in the distribution of the damages awarded in any judgment against him. Counsel for plaintiff contend that such fact would mitigate the damages recoverable, which as a matter of procedure, it would not, for whatever could be recovered must be distributed among the next of kin, of which in the instant case defendant is one. There is no process of law known to us by which he could be eliminated and damages assessed for the next of kin minus himself, for a gross sum only can be recovered.

In the *Hazel* case, *supra,* the court laid down the doctrine applicable in the instant case, in the following language:

"The statute creating a cause of action for the death of a person caused by negligence, in favor of his widow

and next of kin, to be prosecuted in the name of his personal representatives, was passed in 1853, and in the first case under the statute which reached the Supreme Court, *(City of Chicago v. Major,* 18 Ill. 349), Mr. Justice Caton speaking for the court gave a full exposition of the purpose and meaning of the statute. The sole object of the first section, he said, was to create a right of action and to specify in what cases or for what wrongs it might be brought. The purposes of the second section were two: First, to determine by whom or in whose name the action should be brought; and second, to declare for whose benefit the action should be brought or how the money recovered should be disposed of or distributed. The first purpose is declared in such a way as to leave no doubt. . . . The legislature intended that the money recovered should not be treated as a part of the estate of the deceased. It designed to exclude creditors from any benefit of it and to prevent its passing by virtue of any provisions of the will of the deceased. The personal representative brings the action not in right of the estate, but as trustee for those who had a more or less direct pecuniary interest in the continuance of the life of the deceased, and who had some claim, at least, upon his or her natural love and affection. The legislature intended that the fruits of the judgment should be distributed among those to whom his personal estate would descend after the payment of debts and in the absence of a will. . . . The cause of action is entirely statutory and is a single cause of action. There is no separation of the damages to be assessed by the jury. Their finding is for a single gross amount in an inseparable cause of action, and the contributory negligence of one beneficiary who may be entitled to share in the amount recovered is a defense to the action.''

We are of the opinion that the *Hazel* case settles the law against plaintiff's contentions.

In sustaining defendant's demurrer to the declaration of plaintiff, the trial judge correctly applied the law. The judgment of the superior court so doing is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.