Joe Lattuada, as Administrator of the Estate of Lelia Mulgrew, Deceased, Appellant, v. Michael Mulgrew, as Administrator of the Estate of James Mulgrew, Deceased, Appellee.

Gen. No. 8,843.

Opinion filed January 14, 1935.

John R. Dean, of Danville, for appellant.

V. W. McIntire, of Danville, for appellee.

Mr. Justice Allaben delivered the opinion of the court.

Plaintiff, as administrator of the estate of Lelia Mulgrew, deceased, sued defendant Michael Mulgrew, as administrator of the estate of James Mulgrew, deceased, on account of an automobile accident which occurred on October 10, 1932. Plaintiff filed a declaration in two counts which alleged that on October 10, 1932, defendant's intestate, James Mulgrew, being then the owner of a passenger car, was driving same on what is known as Route 1 between Danville and Westville, Illinois; that the plaintiff's intestate Lelia Mulgrew was riding in said automobile as an invited passenger or guest, and had nothing whatever to do with the driving, control or direction of the operation of the machine, or over the driver; that it was the duty of defendant's intestate to so manage and control his automobile as not to wilfully or wantonly injure plaintiff's intestate, but that defendant's intestate violated his duty in that he so wilfully and wantonly operated and ran his automobile as to have a collision whereby, and on account of said wilful, reckless and wanton conduct of defendant's intestate, plaintiff's intestate sustained bodily injuries from which she did die on the same day, leaving her surviving her father, Michael Mulgrew, her brother, John Mulgrew, and her sister, Teressa Mulgrew, who were by her death deprived of her support. The second count is similar to the first, containing more particular averments as to the happening of the accident.

To this declaration the defendant filed, first, plea of the general issue, and three special pleas. To the first of these three special pleas plaintiff filed a replication, and to the second and third demurrers. De-

fendant filed a motion to strike plaintiff's replication to the first plea. Upon hearing the court struck plaintiff's replication to defendant's first special plea, and overruled the demurrer to the second and third pleas. Plaintiff elected to stand on his demurrer, and on January 13, 1934, the court entered a judgment that the plaintiff take nothing and the defendant go hence without day. It is from this judgment that plaintiff appeals.

The defendant seeks to have this appeal dismissed because he says the order appealed from was not a final order, or if it was a final order, was appealed from more than 90 days from the entry of the order. He further insists that the judgment appealed from was entered on November 7, 1933, and that, therefore, any appeal would not be subject to review under the provisions of the Civil Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.* An inspection of the record shows that the final judgment was entered on January 13, 1934. An inspection of that order shows that "plaintiff elects to abide by said demurrer." Nothing is said concerning the court's action in striking plaintiff's replication to defendant's first special plea, which was stricken on November 7, 1933. Therefore, in this appeal this court will direct its attention solely to the question whether or not the court properly overruled plaintiff's demurrer to defendants' second and third special pleas. The second special plea is as follows:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have or maintain his aforesaid action against him, the defendant, because, he says, that he is one of the heirs and next of kin of the said Lelia Mulgrew, deceased, and that he would share any judgment recovered against the estate of James Mulgrew, deceased, and that if this suit be maintained, he would in effect be suing himself and be both plaintiff and defendant in the

same suit; and this the defendant is ready to verify; wherefore the defendant prays judgment whether the plaintiff ought to have or maintain his aforesaid action against him.'' This plea, stripped of its verbiage, sets up that the defendant, Michael Mulgrew, who is sued as the administrator of the estate of James Mulgrew, deceased, is also one of the heirs at law and next of kin of plaintiff's decedent Lelia Mulgrew. These facts are admitted by the demurrer, and the fact that Michael Mulgrew was one of the heirs at law was alleged in the declaration. This results in the anomalous situation of one who is interested in the recovery of the plaintiff and who would benefit by the recovery of the plaintiff being the defendant. In other words, he would be in effect suing himself, and be both plaintiff and defendant in the same suit. A person cannot be both plaintiff and defendant in a *suit at law,* though the party appears on one side in his personal and on the other in his official character. *McElhanon v. McElhanon,* 63 Ill. 457; *Oliver v. Oliver,* 178 Ill. 527; *Bennett v. Bennett,* 252 Ill. App. 333. Whatever may be the rule in other jurisdictions, or in this jurisdiction, as to suits in chancery or other proceedings, the rule in suits at law is as set forth above. Therefore, the trial court properly overruled the demurrer to the second plea.

The third plea is as follows:

''And for a further plea in this behalf, the defendant says that the plaintiff ought not to have or maintain his aforesaid action against him, the defendant, because, he says, that James Mulgrew and Lelia Mulgrew both died as a result of the injuries sustained in the accident in the declaration mentioned; that Lelia Mulgrew died first and James Mulgrew survived her; that the defendant, as the administrator of the estate of said James Mulgrew, deceased, is one of the class who would be entitled to share in any judgment recov-

ered in this suit, and the alleged wrongful act of said James Mulgrew would bar any recovery in this case; and this the defendant is ready to verify; wherefore he prays judgment whether the plaintiff ought to have or maintain his aforesaid action against him." This plea in substance sets up that James Mulgrew and Lelia Mulgrew both died as a result of the injuries sustained in the accident complained of, but that Lelia Mulgrew died first and that James survived her, and that the defendant Michael Mulgrew, as administrator of the estate of James Mulgrew, deceased, stands as the representative of one of the class who would be entitled to share in any judgment recovered in this suit, and that the alleged wrongful act of James Mulgrew, deceased, who was an heir at law of plaintiff's intestate, would bar any recovery in this case.

The facts well pleaded in this plea are admitted by the demurrer.

It is alleged in the declaration that the death of Lelia Mulgrew was caused by the wilful and wanton conduct of James Mulgrew in improperly driving his automobile. If this be true then the alleged wrongful act of James Mulgrew would bar any recovery in this case. To hold otherwise would permit James Mulgrew, or his estate in case of his death, to profit by the wilful and wanton conduct of James Mulgrew. This will not be permitted. The doctrine of the negligence of one of the next of kin being a bar to the entire action is fully and thoroughly discussed in the case of *Hazel v. Hoopeston-Danville Motor Bus Co.*, 310 Ill. 38, which we consider decisive in this case. Plaintiff's attempts to distinguish this case and take it out from under the rule in the *Hazel* case seem to us unsuccessful. If a decedent's administrator could not successfully maintain a cause of action on account of the contributory negligence of one of the next of kin, we do not see how the later death of that next of

kin can make his cause of action any better. The demurrer to the third special plea was properly overruled.

The demurrer to the second and third pleas being properly overruled, and the plaintiff electing to stand by his demurrers, the trial court properly entered judgment for the defendant, and that judgment is hereby affirmed.

*Judgment affirmed.*