Clennon ROGERS, Administrator of the Estate of Vivian Jackson, Deceased, Plaintiff,

v.

Charles H. JACKSON et al., Defendants.

No. 75 C 4388.

United States District Court, N. D. Illinois, E. D.

July 21, 1976.

---

**3.** We have accepted counsel's assertion of privilege, although he has cited no authority for such an assertion.

Dom J. Rizzi and Michael W. Rathsack of Rizzi & Rathsack and Lawrence L. Kotin, Chicago, Ill., for plaintiff.

Lloyd E. Williams, Jr. and Mark A. Miller, of Jacobs, Williams & Montgomery, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PERRY, Senior District Judge.

This cause comes on upon the motion of defendant Charles Jackson, husband of the late Vivian Jackson, to dismiss the complaint filed by plaintiff, administrator of the estate of said Vivian Jackson, deceased, in a wrongful death action wherein it is alleged in the complaint, *inter alia,* that because of defendant Charles Jackson's wrongful acts and omissions in the operation of an automobile in which his wife Vivian was riding as a passenger, Vivian suffered injuries that resulted in her death.

By this motion, two questions are directly presented: (1) whether, under the Wrongful Death Act of Illinois, the administrator of the estate of a deceased wife can maintain an action against the husband for his alleged tort; and (2) whether, under the Wrongful Death Act of Illinois, a foreign administrator can represent in a federal district court sitting in Illinois the estate of a decedent when the citizenship of the decedent has not been alleged to be other than that of Illinois.

### I.

As to the first question, the movant, defendant Charles Jackson, contends that two Illinois statutes,—Ill.Rev.Stat. ch. 68 § 1, and Ill.Rev.Stat. ch. 70 § 1,—work together to deprive the plaintiff-administrator of his alleged claim for relief. Defendant Jackson's argument runs somewhat as follows: (a) Ill.Rev.Stat. ch. 68 § 1 (the Married Women's Act) prevents a married woman from suing her husband for a tort to the person committed during coverture; (b) Ill. Rev.Stat. ch. 70 § 1 (the Wrongful Death Act) creates a cause of action, to be brought in the name of the personal representative of the decedent, for the pecuniary loss which the surviving spouse and the next of kin may have sustained by reason of the wrongful death, but only if the wrongful act, neglect, or default which caused the death is such as would, *if death had not ensued,* have entitled the party injured to maintain an action and recover damages in respect thereof; (c) "if death had not ensued", Vivian Jackson, the plaintiff-administrator's decedent, would have had no cause of action against her husband, defendant Charles Jackson, because of the latter's statutory spousal immunity; (d) therefore, Vivian Jackson's estate,—administered by plaintiff herein,—cannot have a claim against Vivian's husband for wrongful death, since the viability of such claim is grounded in the ability of a wife to sue her husband for tort, which ability does not exist because of the proscription of the aforesaid Married Women's Act.

Apart from its abolition by statute, the fictional unity of husband and wife does not apply in this case, for the parties plaintiff and defendant are not husband and wife. They are, instead: (1) children of the deceased wife asserting through the personal representative of their deceased mother an independent right to recover for the loss suffered by them as the result of their mother's death, and (2) the husband.

■ The only support today for the common-law immunity of the husband from liability at the suit of his wife is based solely upon the ground that domestic tranquility is fostered by the prohibition of actions by a wife against her husband. But an immunity based upon such ground can have no pertinence in this case, for here the marriage has been terminated through the death of the wife. Therefore, there is no domestic tranquility left to preserve. *See, Welch v. Davis,* 410 Ill. 130, 134, 101 N.E.2d 547 (1951). This court is of the opinion that an action under the Wrongful Death Act comes to the parties named in the statute

free from personal disabilities arising from the relationship of the injured party and tortfeasor, and since a negligent trespass of a husband upon the person of the wife does not cease to be an unlawful act, although the husband may be exempt from suit or liability as to *her*, nevertheless the trespass, being a wrongful act, may support an action under the Wrongful Death Act (Ill.Rev. Stat. ch. 68, § 1) in favor of other parties as against whom the husband has no such immunity. *See, Kaczorowski v. Kalkosinski*, 321 Pa. 438, 184 A. 663.

The Wrongful Death Act creates a cause of action, to be brought in the name of the personal representative for the pecuniary loss which the surviving spouse and the next of kin may have sustained by reason of the death of the injured person. The damages, under an early version of the Act, would be distributed to the surviving spouse,—here defendant Jackson, as well as to the next of kin,—here the minor children. Two decisions of the Illinois Supreme Court engrafted a limitation on the cause of action, so that for several years it was the law in Illinois that the contributory negligence of one beneficiary barred a wrongful death action by the administrator even though there were innocent next of kin,—such as the minor children here,—who would benefit from the judgment. *See, Nudd v. Matsoukas*, 7 Ill.2d 608, 613, 131 N.E.2d 525 (1956), citing *Ohnesorge v. Chicago City Railway Co.*, 259 Ill. 424, 102 N.E. 819, and *Hazel v. Hoopeston-Danville Bus Co.*, 310 Ill. 38, 141 N.E. 392. But this doctrine was re-examined in *Bradley v. Fox*, 7 Ill.2d 106, 129 N.E.2d 699, where the administrator of the estate of a deceased wife sued defendant Fox for causing the wrongful death of his wife by murder. Defendant Fox and an adult daughter were the statutory beneficiaries of the action. Defendant Fox relied on *Hazel v. Hoopeston-Danville, supra,* where the defendant was merely contributorily negligent, as grounds for sustaining the dismissal of the action. The Supreme Court of Illinois, however, permitted the action by the administrator even though Fox was one of the principal statutory beneficiaries of the suit. Said the court:

> . . . To permit defendant Fox, as sole principal tortfeasor, to plead his felonious conduct as a defense to taint the actions of persons entitled to sue him alone is to pervert the common-law concept of contributory negligence, and use it as a weapon to inflict wrong without peril, which will not be countenanced by this court. . . . *Bradley v. Fox, supra,* 7 Ill.2d at 110, 129 N.E.2d at 702.

Although the unusual circumstances of *Bradley v. Fox* made it unnecessary for the court therein to overrule *Hazel,* the court eventually came to a full 180° turnabout in *Nudd v. Matsoukas, supra,* where the facts were somewhat reminiscent of those in the instant action. William Matsoukas Sr., one of the defendants, was driving a vehicle on a public highway. Riding with him were his wife Elizabeth, his sister-in-law Mary Nudd, and his two children, Spiros and William Jr., both minors. In the complaint it was alleged *inter alia* that Matsoukas Sr. "wilfully, recklessly and wantonly" drove his vehicle at an excessive speed on a foggy night, went through a stop light, and caused his vehicle to collide with an automobile driven by David Thill,—likewise a defendant,—and that as a result of the collision, Elizabeth and Spiros Matsoukas and Mary Nudd were killed, and William Matsoukas Jr. was severely injured. Hubert Nudd was appointed as administrator of the estates of the three deceased persons and he filed under the wrongful death statute. Motions to dismiss the counts which set up causes of action founded on the deaths of Elizabeth and Spiros Matsoukas were sustained by the trial court on the ground that defendant William Matsoukas Sr. was a beneficiary under the wrongful death statute and hence the action was barred. On the authority of the *Hazel* case, the Appellate Court affirmed the trial court's dismissal of the wrongful death actions. The Supreme Court of Illinois granted leave to appeal for the purpose of reexamining the doctrine announced in *Hazel.* Before the court was this issue: Can the administrator of an estate maintain a suit for tort under

the wrongful death statute where the surviving spouse is made the principal party defendant? The court overruled *Hazel* and held that the negligence of the defendant-beneficiary William Matsoukas Sr. did not bar the action for wrongful death, but, rather, prevented him from recovering for pecuniary loss. The court pointed out that, in application, the *Hazel* doctrine resulted in depriving innocent beneficiaries-plaintiffs of a right granted them by the wrongful death statute and permitted a defendant-beneficiary to shield himself from liability by his own guilt. The court also noted that the innocent beneficiary in *Bradley v. Fox* was no more innocent than such beneficiaries in *Hazel*, and that in neither case does the common-law rule of contributory negligence require the defeat of an innocent party's right to damages for injury. The court concluded:

> . . . We regard the public policy of this State to require no more than that the person guilty of contributing to his own injury shall not recover. Nothing in the statute or logic requires or suggests that innocent beneficiaries should be deprived of their proportionate share of the judgment as obtained pursuant to legislative enactment. *Nudd v. Matsoukas, supra,* 7 Ill.2d at 614, 131 N.E.2d at 528.

It would be inequitable and unjust to permit a husband to profit by his own contributory negligence and to do so is contrary to sound principles and public policy, as the Supreme Court of Illinois said in *Nudd, supra.* In recognition of this fact, the Illinois legislature in 1955 amended the wrongful Death Act so as to preclude a contributorily-negligent spouse or next of kin from sharing in any amount recovered. Thus, the last paragraph of Ill.Rev.Stat. ch. 70 § 2 now reads in part:

> . . . and such contributorily negligent person or persons shall not share in any amount recovered in such action.

■ For the foregoing reasons, this court concludes that the administrator of the estate of a deceased woman may maintain a wrongful death action against a defendant who had been her husband until the moment of her death.

## II.

It is further objected that the plaintiff herein, who is a foreign administrator, is not authorized to bring this action,—that by a fair construction of the different provisions of the statute relating to the subject, foreign administrators can sue only in instances wherein the decedent was not an Illinois resident at the time of death. Defendant Jackson has cited one wrongful death case, *Lowrance v. Central Illinois Public Service Company,* 161 F.Supp. 656 (E.D.Ill.1958),—which seems to be a case in point,—and one textbook author, 5 W. James, *Illinois Probate Law and Practice* § 265.1, in support of this proposition. The plaintiff, on the other hand, argues that in a wrongful death action the plaintiff, although he is an administrator of an estate, brings the action in a capacity other than that of an administrator because the wrongful death action is independent of the decedent or the decedent's estate. This is so, asserts the plaintiff, because the wrongful death action is not brought for the benefit of the decedent's estate; rather, it is brought by and in the name of the personal representative of the deceased person for the exclusive benefit of the surviving spouse and next of kin of the deceased person. It appears to be the position of plaintiff that the Wrongful Death Act and the Probate Act are each exclusive of each other to the extent that when a foreign administrator files suit under the Wrongful Death Act, he is not bound by the following right-to-sue provisions of the Probate Act:

> When no letters are issued in this State, upon the estate of a *non-resident* decedent or ward, an executor, administrator, guardian, or conservator to whom letters are issued on the estate by a court of competent jurisdiction of any other state . . . may sue in this State in any case in which a resident executor, administrator, guardian or conservator may sue . . . (Emphasis added.) Ill.Rev.Stat. ch. 3 § 265.

Plaintiff in effect seems to suggest that this wrongful death action involves no asset which is being administered on behalf of and for the benefit of the estate of decedent Vivian Jackson,—that in fact no asset is being administered within the contemplation of the Illinois Probate Act,—and that therefore this wrongful death action cannot be controlled by the provisions of said Probate Act.

Plaintiff contends that the residence of the deceased Vivian Jackson has no bearing in this action because the action is not brought on behalf of her estate, but rather is brought by her administrator as the personal representative of her next of kin under the Wrongful Death Act. This argument, although not supported by any apposite citation of authority, nonetheless is a plausible view of the matter and is not without force. This court is of the opinion, however, that defendant Charles Jackson's motion to dismiss nonetheless should be denied. There has been no citation by either party to,—and this court has not found,—any case in point decided by a court of review. Moreover, because of plaintiff's failure to allege the residence of the decedent, there is a serious question as to whether an administrator could be appointed in another state. There is a strong inference in this case that, since the decedent's husband was a resident of Illinois at the time the decedent met her death while riding with him, the decedent herself was alike a resident of Illinois at the time of her death. If this is fact, there is a serious doubt as to whether her estate should not be administered in Illinois. The second question presented to this court is a very close question but the court is of the opinion that the motion to dismiss the complaint should be denied.

For the foregoing reasons, it is ORDERED that said motion to dismiss the complaint herein be and it hereby is DENIED. This court, however, is of the opinion that this order denying said motion involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.